FILED
14-0917
4/13/2015 11:26:11 AM
tex-4860096
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

**No. 14-0917**

---

IN THE SUPREME COURT OF TEXAS

---

**HIGHWAY 205 FARMS, LTD.** and **MAURICE E. MOORE, JR.**,

Petitioners,

v.

**CITY OF DALLAS**,

Respondent.

---

Appeal from the
Fifth District Court of Appeals at Dallas
No. 05-13-00951-CV

---

**RESPONSE TO PETITION FOR REVIEW
AND CITY'S APPENDIX**

---

WARREN M. S. ERNST
Dallas City Attorney

Barbara E. Rosenberg
Texas Bar No. 17267700
James B. Pinson
Texas Bar No. 16017700
Christopher D. Bowers
Texas Bar No. 02731300
Sonia T. Ahmed
Texas Bar No. 24082605
Assistant City Attorneys

City Attorney's Office
1500 Marilla Street, Room 7D North
Dallas, Texas 75201

Telephone: 214-670-3519
Telecopier: 214-670-0622
barbara.rosenberg@dallascityhall.com
james.pinson@dallascityhall.com
chris.bowers@dallascityhall.com
sonia.ahmed@dallascityhall.com

ATTORNEYS FOR THE CITY OF DALLAS

**IDENTITIES OF PARTIES AND COUNSEL**

In accordance with Texas Rule of Appellate Procedure 53.3(a), the following is a supplement to the list of counsel in the Petitioners' Identity of Parties & Counsel:

Counsel for Respondent/Appellant/Plaintiff:

> Sonia T. Ahmed
> Dallas City Attorney's Office
> 1500 Marilla Street, Room 7BN
> Dallas, Texas 75201

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL ........................................................ i

INDEX OF AUTHORITIES............................................................................ iv

EXPLANATION OF RECORD CITATIONS...................................................... vii

STATEMENT OF THE CASE....................................................................... viii

STATEMENT OF JURISDICTION.................................................................... x

RESPONSE TO ISSUES PRESENTED ............................................................ xii

> 1. Petitioners fail to present an error for the court of appeals' dismissal of the City's appeal for want of jurisdiction.
>
> 2. Petitioners do not present argument and authority that the county court's order of dismissal for want of prosecution was an appealable judgment.
>
> 3. Petitioners' appeal is moot.
>
> 4. The county court's order is void because it does not have subject-matter jurisdiction to dismiss an eminent domain proceeding for want of prosecution during the administrative phase.

STATEMENT OF FACTS ............................................................................... 2

SUMMARY OF ARGUMENT ........................................................................ 5

ARGUMENT ............................................................................................ 6

I. Petitioners failed to assert that there was an appealable judgment in the trial court or that the court of appeals' dismissal for want of jurisdiction of the City's appeal was error, which is necessary for the Court's jurisdiction and for the Court to conduct a review of the merits................................................................. 6

II. The appeal is moot. ........................................................................... 9

III. The trial court does not have authority to dismiss a condemnation proceeding for want of prosecution in the administrative phase. ........................................................... 10

    A. The county court did not have inherent power to dismiss a statement in condemnation for want of prosecution during the administrative phase. ....................................... 10

    B. The Property Code does not provide the county court with jurisdiction to dismiss a statement in condemnation during the administrative phase. ....................................... 16

    C. Rule 165a does not apply to the administrative proceeding. ................................................................ 18

PRAYER ................................................................................................ 19

CERTIFICATE OF SERVICE ............................................................... 21

CERTIFICATE OF COMPLIANCE WITH RULE 9.4 .......................... 23

APPENDIX

Order Reinstating Case .................................................................... Tab 1

Special Commissioners' Award......................................................... Tab 2

Objections to Special Commissioners' Award .................................... Tab 3

Notice of Deposit of Special Commissioners' Award ......................... Tab 4

Trial Setting..................................................................................... Tab 5

# INDEX OF AUTHORITIES

## CASES

*Amason v. Natural Gas Pipeline Co.*,
    682 S.W.2d 240 (Tex. 1984) ........................................................9, 11

*Bevil v. Johnson*,
    307 S.W.2d 85 (Tex. 1957) ...............................................................14

*Blasingame v. Krueger*,
    800 S.W.2d 391 (Tex. App.—Houston [14th Dist.]
    1990, orig. proceeding)......................................................................12

*City of Austin v. Travis Cnty. Landfill Co., L.L.C.*,
    73 S.W.3d 234 (Tex. 2002) ..................................................................7

*City of Carrollton v. OHBA Corp.*,
    809 S.W.2d 587 (Tex. App.—Dallas 1991, no writ)............................. 11, 13

*City of Dallas v. Highway 205 Farms, Ltd.*,
    No. 05-13-00951, 2014 WL 3587403 (Tex. App.—Dallas Jul.
    22, 2014, orig. proceeding [mand. pending], pet filed)................... ix, x, 4, 10

*City of W. Univ. Place v. Martin*,
    123 S.W.2d 638 (Tex. 1939) ................................................................9

*Clanton v. Clark*,
    639 S.W.2d 929 (Tex. 1982) ...............................................................14

*Del Lago Partners, Inc. v. Smith*,
    307 S.W.3d 762 (Tex. 2010) ................................................................7

*Dickey v. City of Houston*,
    501 S.W.2d 293 (Tex. 1973) ........................................................ 10, 11

*Fin. Comm'n v. Norwood*,
    418 S.W.3d 566 (Tex. 2013) .................................................................x

*Fortune v. Killebrew*,
    23 S.W. 976 (Tex. 1893) .....................................................................14

*Guitar Holding Co., L.P. v. Hudspeth Cnty.*
   *Underground Water Conservation Dist. No. 1,*
   263 S.W.3d 910 (Tex. 2008) ..............................................................7

*Gulf Energy Pipeline Co. v. Garcia,*
   884 S.W.2d 823 (Tex.App.—San Antonio 1994, orig.
   proceeding) ........................................................................ 11, 12, 13

*Hicks Bldg. & Equip. Co., Inc. v. Buice,*
   371 S.W.2d 44 (Tex. 1963) .............................................................7, 9

*Hooks v. Fourth Court of Appeals,*
   808 S.W.2d 56 (Tex. 1991) (orig. proceeding) ..............................17

*In re Hereweareagain, Inc.,*
   383 S.W.3d 703 (Tex. App.—Houston [14th Dist.]
   2012, orig. proceeding)...................................................................14

*In re Jamail,*
   156 S.W.3d 104 (Tex. App.—Austin 2004, orig. proceeding) .......8

*In re State,*
   325 S.W.3d 848 (Tex. App.—Austin 2010, orig. proceeding) .....15

*In re State,*
   65 S.W.3d 383 (Tex. App.—Tyler 2002, orig. proceeding) ........15

*John v. State,*
   826 S.W.2d 138 (Tex. 1992) ..................................................... 10, 18

*Nunn v. New,*
   226 S.W.2d 116 (Tex. 1950) (orig. proceeding) ............................18

*Patrick Media Grp., Inc. v. Dallas Area Rapid Transit,*
   879 S.W.2d 375 (Tex. App.—Eastland 1994, writ denied) ..........11

*Peak Pipeline Corp. v. Norton,*
   629 S.W.2d 185 (Tex. App.—Tyler 1982, no writ).......................12

*Pearson v. State,*
   315 S.W.2d 935 (Tex. 1958) ............................. x, 8, 10, 11, 14, 16

v

*Ramos v. Richardson,*
 228 S.W.3d 671 (Tex. 2007) ...................................................................6, 7

*Rose v. State,*
 497 S.W.2d 445 (Tex.1973) ....................................................................18

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,*
 549 U.S. 422 (2007).................................................................................x

*State v. Giles,*
 368 S.W.2d 943 (Tex. 1963) (orig. proceeding) ...........................................10

*Tex. Comptroller of Pub. Accounts v. Attorney Gen.,*
 354 S.W.3d 336 (Tex. 2010) ...................................................................6, 7

*Villarreal v. San Antonio Truck & Equip.,*
 994 S.W.2d 628 (Tex. 1999) .....................................................................14

**STATUTES**

Tex. Gov't Code § 22.001.................................................................................x

Tex. Prop. Code § 12.007 ................................................................................8

Tex. Prop. Code § 21.014 ........................................................................ 15, 17

Tex. Prop. Code § 21.015 ...............................................................................15

Tex. Prop. Code § 21.018 ...............................................................................18

Tex. Prop. Code § 21.019 ...............................................................................17

**RULES**

Tex. R. App.  P. 53.4.......................................................................................6

Tex. R. App.  P. 55.2.......................................................................................6

Tex. R. App. P. 33.1........................................................................................6

Tex. R. App. P. 53.2......................................................................................6, 9

# EXPLANATION OF RECORD CITATIONS

For the convenience of the Court, the City will adopt the citations to the record that the Petitioners used:

CR [page]:  for the Clerks Record.

SCR [page]:  for the Supplemental Clerk's Record.

[Volume] RR [page]:  for the Reporter's Record.

Additionally, the City will cite:

City's App'x Tab [number]: for additional documents attached to the City's response.

Pet. Brief at [page]:  for the Petition for Review.

NFIB Br. at [page]:  for the Brief of Friends of the Court, National Federation of Independent Business and NFIB Small Business Brief.

AutoNation Br. at [page]:  for the Brief of Friends of the Court, AutoNation and Billingsley.

**STATEMENT OF THE CASE**

Nature of the Case: This is an eminent domain proceeding. The City of Dallas filed a Statement in Condemnation on August 30, 2011. (CR 6-9.) The county court at law appointed special commissioners. (SCR 4-7.) The special commissioners' hearing was set for May 8, 2013. (SCR 8-10.)

Course of Proceedings: On March 7, 2013, Highway 205 Farms, Ltd. and Maurice E. Moore, Jr., filed a motion to dismiss for want of prosecution. (CR 34-8.) The City opposed. (CR 39-43.)

Trial Court: Judge Erleigh Wiley, County Court at Law, Kaufman County, Texas (dismissal). Judge Dennis P. Jones, County Court at Law, Kaufman County, Texas (denial of reinstatement).

Trial Court's Disposition: The court held a hearing on the motion to dismiss (1 RR 7-23). On April 17, 2013, the court dismissed the administrative proceeding for want of prosecution before the commissioners could hold their hearing. (CR 80 [Pet. App'x Tab 1].) The City timely filed a verified motion to reinstate, asserting the court did not have jurisdiction to dismiss. (CR 81-91.) On June 21, 2013, the court denied the motion to reinstate. (CR 100 [Pet. App'x Tab 2].)

Parties in Court of Appeals: *Appellant*: The City of Dallas.
*Appellees:* Highway 205 Farms, Ltd. and Maurice E. Moore, Jr.

Court of Appeals: Memorandum opinion by Justice Evans, joined by Justices Fillmore and Lewis.

Court of Appeals'
Disposition: On July 22, 2014, the court of appeals held that the trial court did not have jurisdiction to dismiss the

eminent domain proceeding for want of prosecution while the administrative phase of the proceeding was pending, making the dismissal a clear abuse of discretion. *City of Dallas v. Highway 205 Farms, Ltd.*, No. 05-13-00951, 2014 WL 3587403, at *4 (Tex. App.—Dallas July 22, 2014, orig. proceeding [mand. pending],pet. filed) (mem. op.). The court granted the mandamus and ordered the trial court to vacate its dismissal order and reinstate the case. *Id.* The court dismissed the appeal for want of jurisdiction. *Id.*

Administrative Action: On August 4, 2014, the trial court reinstated the case. (City's App'x Tab 1.) On January 21, 2015, the special commissioners held a hearing and entered an award. (City's App'x Tab 2.)

County Court Action: On January 30, 2015, Petitioners filed objections to the award of the special commissioners. (City's App'x Tab 3.) The commissioners' award has been deposited with the registry of the court. (City's App'x Tab 4.) A trial date has been set. (City's App'x Tab 5.)

## STATEMENT OF JURISDICTION

Petitioners claim that this Court has jurisdiction under section 22.001 of the Texas Government Code. (Pet. at xiii.) They refer only to the subsections of the code that provide jurisdiction for construction of a statute or matters of law of importance to the state. (*Id.* [citing Tex. Gov't Code § 22.001(a)(3), (6)]). Petitioners have ignored the prerequisite to those subsections that provides jurisdiction only in cases that have been brought to the court of appeals from appealable judgments of the trial courts." Tex. Gov't Code § 22.001.

Here, the court of appeals held that there was not an appealable judgment and dismissed the appeal for want of jurisdiction. *Highway 205 Farms, Ltd.*, 2014 WL 3587403, at *2-4. According to this Court's holdings, appellate courts do not have appellate jurisdiction of a condemnation proceeding until a timely objection is made to a commissioners' award. *Pearson v. State*, 315 S.W.2d 935, 939 (Tex. 1958). "[T]he jurisdiction of the appellate court as to the merits of a case extends no further than that of the court from which the appeal is taken." *Id.* at 938. "'Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case.'" *Fin. Comm'n v. Norwood*, 418 S.W.3d 566, 578 (Tex. 2013) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)).

Because the dismissal order is not an appealable judgment, the appellate court was correct that there was no judgment in the trial court, which deprives this Court of jurisdiction to consider the merits of the appeal. The Court should deny the petition for review for want of jurisdiction.

# RESPONSE TO ISSUES PRESENTED

1. Petitioners fail to present an error for the court of appeals' dismissal of the City's appeal for want of jurisdiction.

2. Petitioners do not present argument and authority that the county court's order of dismissal for want of prosecution was an appealable judgment.

3. Petitioners' appeal is moot.

4. The county court's order is void because it does not have subject-matter jurisdiction to dismiss an eminent domain proceeding for want of prosecution during the administrative phase.

No. 14-0917

IN THE SUPREME COURT OF TEXAS

HIGHWAY 205 FARMS, LTD. and MAURICE E. MOORE, JR.,
Petitioners,
v.

CITY OF DALLAS,
Respondent.

**RESPONSE TO PETITION FOR REVIEW**

TO THE HONORABLE SUPREME COURT OF TEXAS:

The Fifth District Court of Appeals at Dallas dismissed the City of Dallas's appeal for want of jurisdiction. There is no judgment in an eminent domain lawsuit until a judgment is entered after objections to a special commissioners' award are filed. The Petitioners assert only that the county court had authority to dismiss for want of prosecution during the administrative phase. (Pet. at 4.) The petition does not address whether there was a judgment to appeal. The failure to address whether the trial court order was appealable is reason enough to deny this petition for review, but the controversy is also moot and the petition fails to present error.

1

## STATEMENT OF FACTS

The court of appeals correctly recited the facts of this case.

On August 30, 2011, the City filed a Statement in Condemnation seeking fee simple title to property for the Lake Tawakoni 144-inch Raw Water Transmission Pipeline Project in Kaufman County. (CR 6-9.) The City sought portions of six parcels of property for which Highway 205 Farm, Ltd. is the owner of record and Maurice E. Moore, Jr. has a mineral interest. (CR 6, 10-28.) This proceeding was filed after the governing body of the City approved Resolution No. 081245, which authorized and required the condemnation of that property. (CR 7.) The City had previously made an offer to purchase the land before commencing this proceeding, but the parties were unable to agree upon the terms of a voluntary conveyance. (CR 8.) As a result, the City provided the owners with the landowner's bill of rights statement and filed suit in Kaufman County in an exercise of its power of eminent domain under the procedures required by chapter 21 of the Texas Property Code. (CR 8.) Accordingly, the county court appointed special commissioners. (CR 39-50.) The county court signed an Order Appointing Special Commissioners on August 31, 2011. (SCR 4-5.) The court subsequently signed an Order Removing a Special Commissioner, Lee Schaffer, and Appointing a Replacement, Don Burt, on October 24, 2011. (SCR 6-7.) The commissioners' oaths were filed with the court on November 18, 2011. (CR 29-31.)

2

On March 7, 2013, Highway 205 Farm, Ltd. and Maurice E. Moore, Jr. (hereinafter "Landowners" or "Petitioners") filed a motion to dismiss for want of prosecution. (CR 34-43.) In their motion to dismiss, Landowners argued that the City failed to prosecute "pursuant to Texas Rule of Civil Procedure 165(a) and the Court's inherent authority to control its docket." (CR 34.) The motion to dismiss was predicated on an alleged 18 months of inactivity. (1 RR 8.) The City filed a response to the motion to dismiss asserting that the trial court did not have jurisdiction to dismiss the condemnation proceeding because it was an administrative proceeding. (CR 39-43.) Landowners filed a reply. (CR 48-54.)

On March 11, 2013, four days after the motion to dismiss was filed, the Special Commissioners issued a written order that scheduled the special commissioners' hearing to take place on May 8, 2013. (SCR 8-10.) On March 21, 2013, the trial court set a hearing on Landowners' motion to dismiss for April 17, 2013. (CR 39-40.) On March 27, 2013, the City served Highway 205 Farms, Ltd. with a notice of hearing ordered by the special commissioners. (CR 39-40.) The notice said that the Special Commissioners would hear the parties on May 8, 2013. (CR 44.)

The trial court held a hearing on the motion to dismiss. (1 RR 7-23.) On April 17, 2013, the trial court signed an Order Granting Defendants' Motion to Dismiss for Want of Prosecution. (CR 80.)

3

On May 9, 2013, the City filed a verified motion to reinstate. (CR 81-91). The City again argued that the court did not have jurisdiction to dismiss the Statement in Condemnation. Landowners filed a response. (CR 92-99.)

On June 21, 2013, the trial court heard the motion and signed an Order Denying the City's Motion to Reinstate. (CR 100; 2 RR 7-26.) Because the trial court did not have jurisdiction to dismiss the administrative proceeding, the City submitted a petition for writ of mandamus complaining of the dismissal for want of prosecution and the denial of the City's verified motion to reinstate. *City of Dallas v. Highway 205 Farms, Ltd.*, No 05-13-00951, 2014 WL 3587403, at *1 (Tex. App.—Dallas July 22, 2014, pet filed) (mem. op.). The City also brought an appeal of the dismissal order. The appellate court consolidated the appeal and the mandamus. *Id.*

On July 22, 2014, the court of appeals held that the trial court did not have jurisdiction to dismiss for want of prosecution the eminent domain proceeding during the administrative phase of the case, making the dismissal a clear abuse of discretion. *Id.* at *4. The court granted the mandamus and ordered the trial court to vacate its dismissal order and reinstate the case. *Id.* The court dismissed the appeal for want of jurisdiction. *Id.*

On August 4, 2014, the county court reinstated the case. (City's App'x Tab 1.) On January 21, 2015 the special commissioners held a hearing and entered an

4

award. (City's App'x Tab 2.) On January 30, 2015, Landowners filed objections to the award of the special commissioners. (City's App'x Tab 3.) The commissioners' award has been deposited in the registry of the trial court. (City's App'x Tab 4.) A trial date has been set. (City's App'x Tab 5.)

On January 12, 2015, Landowners filed this petition for review in an attempt to appeal from the court of appeals' dismissal of the City's appeal, a dismissal concluding that the trial court's order was void and not appealable.

## SUMMARY OF ARGUMENT

Petitioners have not sought review of an appealable judgment. The court of appeals dismissed the City's appeal for want of jurisdiction because the dismissal for want of prosecution in the county court was entered in the administrative phase before the proceeding became a lawsuit. Without an appealable judgment, the Court does not have jurisdiction to grant the petition on the merits. Because Petitioners have not brought an issue or argument about the appealability of the court of appeals' judgment, Petitioners have waived any basis for the reversal of the judgment. Moreover, a commissioners' hearing has been held in this case, objections to the commissioners' award have been filed by the Petitioners, and the case has been set for trial, eliminating the underlying controversy about the Petitioners' motion to dismiss the administrative proceeding. Thus, the controversy has become moot.

5

Finally, if the merits are reached, Texas jurisprudence provides that the county court cannot interfere with the special commissioners' hearing. The dismissal for want of jurisdiction was void.

Accordingly, the Court should deny the petition for review.

## ARGUMENT

**I.    Petitioners failed to assert that there was an appealable judgment in the trial court or that the court of appeals' dismissal for want of jurisdiction of the City's appeal was error, which is necessary for the Court's jurisdiction and for the Court to conduct a review of the merits.**

The court of appeals' disposition of the City's appeal did not reach the merits of the trial court's dismissal. The court dismissed the appeal for want of jurisdiction. Petitioners have failed to present an issue or argument that the court of appeals' entry of the dismissal of the City's appeal for want of jurisdiction is erroneous. (Pet. at xvii, 6-21.) Petitioners are required to discuss that issue before the merits of the trial court's dismissal for want of prosecution can be reached.

When filing an appeal, the burden lies on the petitioner to raise and discuss any issues the appeal is based on. *Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007) (per curiam). The rules of procedure require that a party present the issues to be decided by this Court in the party's petition and brief on the merits. *Tex. Comptroller of Pub. Accounts v. Attorney Gen.*, 354 S.W.3d 336, 352 (Tex. 2010) (citing Tex. R. App. P. 33.1, 53.2(f), 53.4, 55.2(f)). "[I]ssues not presented in the petition for review and brief on the merits are waived." *Tex. Comptroller of*

6

*Pub. Accounts*, 354 S.W.3d at 352 (quoting *Guitar Holding Co., L.P. v. Hudspeth Cnty. Underground Water Conservation Dist. No. 1*, 263 S.W.3d 910, 918 (Tex. 2008)); *Ramos*, 228 S.W.3d at 673 (refusing to address an argument raised in petitioners' merits brief because petitioners failed to make it in their petition for review); *City of Austin v. Travis Cnty. Landfill Co., L.L.C.*, 73 S.W.3d 234, 241 n. 2 (Tex. 2002) (precluding consideration of an argument raised below because the respondent disclaimed the argument before the Supreme Court). If a petitioner does not present the error at all, the Court does not have a basis for reversing the judgment of the court of appeals. *Hicks Bldg. & Equip. Co., Inc. v. Buice*, 371 S.W.2d 44, 45 (Tex. 1963) (the court entered a judgment of refusal, no reversible error, because the petitioners failed to bring forth and discuss the error of the lower court). In fact, if the petitioners' brief lacks any discussion of the error, it is waived. *Ramos*, 228 S.W.3d at 673. The Court does not "stretch for a reason to reverse that was not raised." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010).

Petitioners' issue only asserts the authority of the trial court to dismiss a condemnation proceeding in the administrative phase. (Pet. at xvii.) Petitioners do not argue that a dismissal for want of prosecution in the trial court is an appealable judgment. They cannot, because as discussed in Section III below, an appellate court does not have appellate jurisdiction of a condemnation proceeding until a

7

timely objection is made to a commissioners' award. *Pearson*, 315 S.W.2d at 939. Here, because the dismissal order was entered before objections were filed, the dismissal was not an appealable judgment. *See id.* at 939 (holding that the trial court was statutorily authorized to enter the judgment in the absence of objections and such judgment was not appealable because objections were not filed and so it was not considered a judgment in a civil case).

Petitioners do not argue that the dismissal for want of prosecution of the administrative proceeding is an appealable judgment. Instead, they argue that the City's filing of a lis pendens with the Statement in Condemnation makes the condemnation proceeding in the administrative phase a lawsuit. (Pet. at 12-14.) The Texas Property Code explicitly authorizes the City to file a lis pendens in the deed records when it files a statement in condemnation in an eminent domain proceeding. Tex. Prop. Code § 12.007(a) ("After the plaintiff's statement in an eminent domain proceeding is filed . . . , a party to the action . . . may file for record . . . a notice that the action is pending."). Whether a matter is a lawsuit or an administrative proceeding is not controlled by the lis pendens, which is merely notice that the eminent domain matter is pending. Instead, a court looks at the actual proceeding to determine whether a lis pendens is allowed under the statute. *In re Jamail*, 156 S.W.3d 104, 107 (Tex. App.—Austin 2004, orig. proceeding). Here, the nature of the proceeding is established in chapter 21 of the Property

8

Code.  The proceeding when filed is administrative in nature.  *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 242 (Tex. 1984).  Thus, there is no judgment to appeal.  The Court has no appellate jurisdiction.

Further, because Petitioners have failed to present an issue or argue whether there is an appealable judgment, they have waived any error in this case.  *See* Tex. R. App. P. 53.2(i).  Accordingly, the Court does not have a basis to reverse the court of appeals.  *See Hicks Bldg. & Equip. Co., Inc.*, 371 S.W.2d at 45.  The Court should deny the petition for review.

## II.     The appeal is moot.

Appellate courts do not decide cases where no actual controversy exists between the parties at the time of the hearing.  *City of W. Univ. Place v. Martin*, 123 S.W.2d 638, 639 (Tex. 1939).  Petitioners' complaint was that the eminent domain proceeding had been pending too long in the administrative phase and should remain dismissed.  On August 4, 2014, the trial court reinstated the case. (City's App'x Tab 1.)  On January 21, 2015, the special commissioners held a hearing and entered an award.  (City's App'x Tab 2.)  On January 30, 2015, Petitioners filed objections to the award of the special commissioners.  (City's App'x Tab 3.)  The case is now a lawsuit.  The City has deposited the award with the registry of the court, entitling it to possession.  (City's App'x Tab 4.)  The case has been set for trial.  (City's App'x Tab 5.)  The controversy about dismissing the

9

proceeding in the administrative phase is moot. For that reason, the Court should deny the petition for review.

## III. The trial court does not have authority to dismiss a condemnation proceeding for want of prosecution in the administrative phase.

If the Court considers the ability of the trial court to dismiss for want of prosecution in the administrative phase, there is no statute or rule that provides subject-matter jurisdiction to a county court or gives a county court the capacity to act as a judicial tribunal until after the commissioners' award has been filed and a party objects. Petitioners and Amici cite none. The Court should deny the petition for review for the following reasons.

### A. The county court did not have inherent power to dismiss a statement in condemnation for want of prosecution during the administrative phase.

The court of appeals correctly held that the county court did not have inherent authority to dismiss for want of prosecution the proceeding in the administrative phase, because it was not a civil proceeding at the time of the dismissal. *Highway 205 Farms, Ltd.*, 2014 WL 3587403, at \*3 (citing *Dickey v. City of Houston*, 501 S.W.2d 293, 294 (Tex. 1973)). In fact, an eminent domain proceeding is an administrative proceeding until a party files an objection (appeal) to the award of the special commissioners. *John v. State*, 826 S.W.2d 138, 141 n.5 (Tex. 1992); *State v. Giles*, 368 S.W.2d 943, 947 (Tex. 1963) (orig. proceeding); *Pearson*, 315 S.W.2d at 937; *Gulf Energy Pipeline Co. v. Garcia,* 884 S.W.2d 823

10

(Tex. App.—San Antonio 1994, orig. proceeding); *Patrick Media Grp., Inc. v. Dallas Area Rapid Transit*, 879 S.W.2d 375, 376 (Tex. App.—Eastland 1994, writ denied). Without a timely-filed objection, an eminent domain proceeding never becomes a civil case. *Dickey*, 501 S.W.2d at 294. Only after the commissioners have been appointed and sworn and an award has been filed, and only by filing objections to the award, may the condemnee invoke the legal jurisdiction of the trial court. *City of Carrollton v. OHBA Corp.*, 809 S.W.2d 587, 589 (Tex. App.—Dallas 1991, no writ). Thus, under Texas law, the first phase of an eminent domain proceeding is an administrative proceeding, not a judicial case. *Id.* (citing *Amason*, 682 S.W.2d at 241). The judge acts purely as an administrative agent. *Id.*; *see Gulf Energy Pipeline Co.*, 884 S.W.2d at 822 ("The statute expressly gives the court administrative jurisdiction to appoint the commissioners, receive their opinion as to value, and render judgment based upon the commissioners' award."). A condemnation proceeding is not within the general jurisdiction of the county court. *Pearson*, 315 S.W.2d at 937. "[T]he filing of timely objections confers jurisdiction upon the county court to hear and determine the issues in the exercise of its judicial powers." *Id.* at 937.

Petitioners and Amici agree that an eminent domain proceeding consists of two distinct parts. They agree that the county court dismissed the condemnation on Petitioners' motion during the administrative phase. (Pet. at 6; NFIB Br. at 15-

11

16; AutoNation Br. at 10.) Petitioners claim that the county court at law has inherent authority to enter a dismissal for want of prosecution because a court has inherent authority to aid in the exercise of its jurisdiction. (Pet. at 14-15, 17-19.) However, the case law is unambiguous. A county court at law has no authority to interfere with the administrative proceedings of the special commissioners; instead, the trial court's jurisdiction, except for the appointment of the special commissioners, begins only after objections are filed to the special commissioners' decision after the special commissioners' hearing. *Peak Pipeline Corp. v. Norton*, 629 S.W.2d 185, 186 (Tex. App.—Tyler 1982, no writ). And a court has no authority during the administrative proceeding to grant a continuance, set the hearing dates, or dismiss the proceedings for want of prosecution on a motion of the property owner. *See Gulf Energy Pipeline Co.*, 884 S.W.2d at 823 (stating that the Property Code does not give the trial court power to oversee the exercise of the commissioners' powers during the administrative proceeding but does delegate to the commissioners the authority and limited discretion to administer the time and place of the commissioners' hearing).

In the administrative phase, the county court cannot exercise judicial powers. *Blasingame v. Krueger*, 800 S.W.2d 391, 394 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) ("As distinguished from the county judge in his administrative capacity, there is nothing which the county court can hear and

12

determine by the exercise of its judicial powers in a special commissioners proceeding."). Moreover, the county court does not have jurisdiction to set deadlines within which a special commissioners' hearing must be held. In *Gulf Energy Pipeline Co.*, the court considered the propriety of the district court's resetting the special commissioners' hearing of several related eminent domain proceedings to a later date and granting to the landowners a 60-day continuance of the special commissioners' hearing. *Gulf Energy Pipeline Co.*, 884 S.W.2d at 822. The conclusion was that without an objection to the commissioners' award, the proceeding never becomes a civil case. *Id.* at 822-23. The orders resetting the commissioners' hearing and granting the continuance were outside the scope of the trial court's jurisdiction during the administrative proceeding. The trial court had no authority to grant the continuance or set the hearing dates, and entering these orders was a clear abuse of discretion. *Id.* at 823. A trial court does not have jurisdiction to abate a condemnation proceeding after the commissioners have been appointed and sworn. *OHBA Corp.*, 809 S.W.2d at 589. The legal jurisdiction could not even be invoked by the condemnee requesting declaratory and injunctive relief to abate or seek declaratory relief in the administrative phase. *Id.*

There is no dispute that this proceeding was in the administrative stage when it was dismissed for want of prosecution. The commissioners' hearing was set but had not been held. Petitioners and Amici assert that the county court has inherent

13

power to control his docket by dismissing for want of prosecution. (Pet. at 17-19; NFIB Br. at 13-14; CR, at 35, 93-4.) However, the right to dismiss for want of prosecution is the right to dismiss a lawsuit, not an administrative proceeding. *See Bevil v. Johnson*, 307 S.W.2d 85, 87 (Tex. 1957) (describing judicial discretion in a civil lawsuit, noting no statutory authority). All the cases Petitioners cite to the Court involve a court's inherent powers in a lawsuit, not a condemnation proceeding in the administrative phase. (*See* Pet. at 19-20 [citing *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999) (dismissing negligence suit)]; NFIB Br. at 13 [citing *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982) (dismissing will contest); *In re Hereweareagain, Inc.,* 383 S.W.3d 703, 705 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding) (reversing sanctions)].)

The Court has said that "a statutory proceeding in which the controversy is not submitted to and determined by the court as a judicial tribunal 'is neither a suit at law nor a case in equity' even though the same culminates in a judgment." *Pearson*, 315 S.W.2d at 937 (quoting *Fortune v. Killebrew*, 23 S.W. 976, 978 (Tex. 1893)). Thus, at the administrative stage the county court cannot enter a judgment or exercise judicial powers. *See Pearson*, 315 S.W.2d at 937 (holding that when there is no objection to an award, the court's order directing that the award be recorded and making the same the judgment of the court does not constitute a judgment in a civil case). The county court does not gain jurisdiction

14

as a court until the objections are filed to the commissioners' award. *In re State*, 325 S.W.3d 848, 851 (Tex. App.—Austin 2010, orig. proceeding). Thus, the county court had no authority to decide the proper time for or timing of a commissioners' hearing.

Petitioners and Amici claim that the trial court must have authority to dismiss administrative proceedings for want of prosecution or statements in condemnation could remain pending indefinitely and the court could do nothing. (Pet. at 6; NFIB Br. at 23; AutoNation Br. at 8, 14-16.) Amici complain that a court should be able to compel the commissioners to hold a hearing. (NFIB Br. at 25.) The issue here is not about compelling the commissioners to hold a hearing— the special commissioners had scheduled a hearing within weeks of the dismissal—the issue here is about preventing a hearing. The commissioners have the duty to schedule the commissioners' hearing. Tex. Prop. Code § 21.015(a). Moreover, the special commissioners themselves may compel the attendance of witnesses and the production of testimony, administer oaths, and punish for contempt in the same manner as a county judge. *Id.* § 21.014 (c); *In re State*, 65 S.W.3d 383, 386 (Tex. App.—Tyler 2002, orig. proceeding). And because the special commissioners schedule the hearing, a property owner can request that the special commissioners set the hearing just as the condemnor can. The solution is to request a setting—not the dismissal of the condemnation proceeding.

15

Accordingly, the county court does not have any inherent authority to dismiss an administrative proceeding. The county court's jurisdiction to control its docket begins when the administrative proceeding is complete. The county court here did not have the jurisdiction to dismiss the administrative proceeding, because the proceeding was not yet a civil case. Thus, the order is void.

**B.** **The Property Code does not provide the county court with jurisdiction to dismiss a statement in condemnation during the administrative phase.**

A condemnation proceeding is not within the general jurisdiction of the county court. *Pearson*, 315 S.W.2d at 937. "An action to condemn is a special statutory proceeding, wholly administrative in nature, at least until the commissioners' decision is filed with the county judge." *Id.* at 936-37. "[T]he filing of timely objections confers jurisdiction upon the county court to hear and determine the issues in the exercise of its judicial powers." *Id.* at 937. The power of the county court as a judicial tribunal in eminent domain proceedings is thus limited to that which has been conferred upon it by statute. *Id.* at 937-38. The statute does not provide for dismissal on a motion of the property owner during the administrative phase. Petitioners and Amici cite section 21.019 of the Property Code for authority that a county court can dismiss on motion of the landowner in the administrative phase. (Pet. at 15-17; NFIB Br. at 19-20.) That section provides that the condemning authority can move to dismiss and the property

owner can seek dismissal in the *judicial phase* if the condemning authority does not have the right to take. Tex. Prop. Code § 21.019. The statute entitles a condemnor to dismiss a condemnation proceeding prior to taking possession of the property. *Id.* § 21.019(a); *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 60 (Tex. 1991) (orig. proceeding). The condemnor can have monetary obligations for dismissing after the special commissioners have made an award. Tex. Prop. Code § 21.019(a), (b). The statute does not provide the property owner the right to seek dismissal in the administrative phase. The plain language of section 21.019(c) shows that it only applies during the judicial, not the administrative, phase when it refers to "[a] court that hears and grants a motion to dismiss a condemnation proceeding made by a property owner seeking a judicial denial of the right to condemn or that otherwise renders a judgment denying the right to condemn." *Id.* § 21.019(c). The right to condemn is not an issue in the administrative phase. The special commissioners' only duty is to assess the damages of the owner to the property being condemned. *Id.* § 21.014. Petitioners sought to dismiss for want of prosecution. The statute does not provide for a dismissal on that basis.

Here, the trial court acted during the administrative phase and hindered the commissioners from holding a hearing. Accordingly, the county court had no jurisdiction to dismiss the case for want of prosecution.

17

**C.      Rule 165a does not apply to the administrative proceeding.**

Petitioners and Amici assert the county court had authority to dismiss pursuant to rule 165a of the Texas Rules of Civil Procedure.  The use of this rule assumes that there is a civil proceeding for the rule to apply to—which there is not—when the pre-objection procedures are set by statute.  *See John*, 826 S.W.2d (distinguishing default procedures under rule 239a and section 21.049 of the Texas Property Code).  The Court, in promulgating rules of civil procedure, was not attempting to prescribe rules to govern any procedure except judicial proceedings. *Nunn v. New*, 226 S.W.2d 116, 117 (Tex. 1950) (orig. proceeding).  It is when the objections are filed that the court must "try the case in the same manner as other civil cases."  Tex. Prop. Code § 21.018(b).  At that time, an eminent domain proceeding, like other civil cases, is subject to the rules of civil procedure.  *Rose v. State*, 497 S.W.2d 445, 446 (Tex. 1973)  The existence of these rules does not change the nature of the eminent domain proceeding before objections are filed.  It is an administrative proceeding and the rules of civil procedure do not apply. Accordingly, the county court did not have jurisdiction to dismiss for want of prosecution under the rules.  Thus, the Court should deny the Petitioners' petition for review.

**PRAYER**

Petitioners have not brought a petition for review of an appealable judgment. The court of appeals dismissed the appeal for want of jurisdiction and the Petitioners do not complain about the dismissal. Further, the condemnation proceeding was reinstated, and the commissioners held a hearing and entered an award. The Petitioners objected. The award has been deposited. The case has been set for trial. Because of the posture of the eminent domain proceeding, the Court should deny this petition as moot or because Petitioners have waived any complaint about the court of appeals judgment. Finally, if the merits are considered, the county court could not exercise its judicial powers in the administrative phase of an eminent domain proceeding, so the dismissal for want of prosecution was void. Accordingly, this Court should deny this petition for review.

Respectfully submitted,

WARREN M. S. ERNST
Dallas City Attorney

/s/ *Barbara Rosenberg*
Barbara Rosenberg
Texas Bar No. 17267700
Christopher D. Bowers
Texas Bar No. 02731300
James B. Pinson
Texas Bar No. 16017700
Sonia T. Ahmed
Texas Bar No. 24082605
Assistant City Attorneys

City Attorney's Office
1500 Marilla Street, Room 7D North
Dallas, Texas 75201
Telephone: 214-670-3519
Telecopier: 214-670-0622
barbara.rosenberg@dallascityhall.com
chris.bowers@dallascityhall.com
james.pinson@dallascityhall.com
sonia.ahmed@dallascityhall.com
ATTORNEYS FOR CITY OF DALLAS

20

# CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2015, a copy of the foregoing document was served in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure (1) through an electronic filing manager (EFM) upon each person listed below if the email address is on file with the EFM or (2) by email (if the address is available) or first-class mail upon each person below who does not have an email on file with the EFM:

Eddie Vassallo
Charles A. Salazar
Hayley D. Ailshie
Vassallo & Salazar, P.C.
3710 Rawlins Street, Suite 1200
Dallas, Texas 75219

Kimberly S. Keller
Keller Stolarczyk PLLC
234 W. Bandera Road, #120
Boerne, Texas 78006
Attorneys for Relators, Highway 205 Farms, LTD., and Maurice E. Moore, Jr.

Stephen F. Malouf
Jeremy C. Martin
Jonathan Nockels
Malouf & Markels LLP
3811 Turtle Creek Blvd., Suite 800
Dallas, Texas 75219
Attorneys for Amici, AutoNation, Inc. & Billingsley Company

21

Leif A. Olson
The Olson Firm PLLC
4830 Wilson Road, Suite 300
Humble, Texas 77396
Attorney for Amici National Federation of Independent Business and NFIB
Small Business Legal Center

/s/Barbara Rosenberg
Attorney for the City of Dallas

# CERTIFICATE OF COMPLIANCE WITH RULE 9.4

Certificate of Compliance with Type-Volume Limitation,
Typeface requirements and Type Style Requirements

1.      This brief complies with the type volume limitation of Tex. R. App. P. 9.4(i)(2) because:

☐      this brief contains <u>4,482</u> words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

2.      This brief complies with the typeface requirements and the type style requirements of Tex. R. App. P. 9.4(e) because:

☐      this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010 in 14-point Times New Roman.


/s/*Barbara Rosenberg*
Attorney for City of Dallas

Dated:  April 13, 2015

## APPENDIX

Order Reinstating Case ................................................................ Tab 1

Special Commissioners' Award........................................................ Tab 2

Objections to Special Commissioners' Award ................................... Tab 3

Notice of Deposit of Special Commissioners' Award......................... Tab 4

Trial Setting................................................................................ Tab 5

Cause Number: 84262CC

FILED FOR RECORD
KAUFMAN COUNTY
TEXAS

2014 AUG -4 PM 2: 15

RHONDA HUGHEY
DISTRICT CLERK

BY_____DEPUTY

| | | |
|---|---|---|
| CITY OF DALLAS | § | IN COUNTY COURT |
| | § | |
| VS. | § | |
| | § | |
| HIGHWAY 205 FARMS, LTD., | § | AT LAW |
| MAURICE E. MOORE, JR., THE DOW CHEMICAL | § | |
| COMPANY KAUFMAN COUNTY, TERRELL | § | |
| INDEPENDENT SCHOOL DISTRICT, AND | § | |
| TRINITY VALLEY COMMUNITY COLLEGE DISTRICT | § | KAUFMAN COUNTY, TEXAS |

## ORDER TO REINSTATE CASE

On August 4, 2014 the Court has ordered that the above styled case will be reinstated on the Court's Docket.

IT IS ORDERED that the order dismissing this case is set aside and that the case is reinstate on the docket of this Court, to the same effect as if it had never been dismissed.

SIGNED ON     August 4, 2014.

_____
Judge Dennis Patman Jones

TAB 1

NO. 84262Q

CITY OF DALLAS,

VS.

HIGHWAY 205 FARMS, LTD.,
THE DOW CHEMICAL COMPANY,
KAUFMAN COUNTY, TERRELL
INDEPENDENT SCHOOL DISTRICT,
and TRINITY VALLEY COMMUNITY
COLLEGE DISTRICT

§
§
§
§
§
§
§
§
§
§
§

IN COUNTY COURT

AT LAW

KAUFMAN COUNTY, TEXAS

FILED FOR RECORD
KAUFMAN COUNTY
TEXAS
2015 JAN 22 PM 2:49
RHONDA HUGHEY
DISTRICT CLERK
BY_____DEPUTY

## AWARD OF SPECIAL COMMISSIONERS

On January 21, 2015, in the City of Kaufman, Texas, the above-styled cause came on to be heard before the undersigned, three disinterested freeholders of Kaufman County, Texas, heretofore appointed as Special Commissioners by the Judge of the County Court at Law of Kaufman County, Texas, to assess the damages caused by this condemnation proceeding, and came the Plaintiff, the City of Dallas, and came also the Defendant(s), either individually or represented by counsel, or, having been duly served with Notice of Hearing declined to appear, and the parties present having announced ready, the Special Commissioners proceeded to hear evidence and arguments of the parties and made the following findings:

I.

That on August 30, 2011, the City of Dallas, filed its Statement in Condemnation with the said Judge of Kaufman County, Texas, wherein upon the facts and for the purposes therein stated, it seeks a decree of condemnation vesting in the Plaintiff the fee simple title in and to the hereinafter-described land and improvements, if any, but providing that there is excluded from said estate to be condemned all the oil, gas, sulphur, and any other minerals which can be removed from beneath said land and improvements, if any, without any right whatever remaining to the owner(s) of such oil, gas, sulphur, and any other minerals of ingress or egress to or from the surface of said land for the purpose of exploring, developing, drilling or mining of the same, which

TAB 2

land is situated in Kaufman County, Texas, and is described in Exhibit "A" attached hereto and incorporated herein for all purposes.

## II.

That upon consideration of the Statement in Condemnation filed by the Plaintiff, the Judge of the County Court at Law of Kaufman County, Texas, did, appoint Robert Repka, Don Burt, and Bill Jordan, three disinterested freeholders of Kaufman County, Texas, as Special Commissioners to assess the damages caused by the condemnation of the land and improvements, if any, and property rights.

## III.

That thereafter said Special Commissioners were duly qualified as such, each taking the oath prescribed by law, which oaths are on file with the papers in this cause.

## IV.

That after having so qualified, the Special Commissioners, on December 19, 2014, by written order bearing said date, designated and appointed January 21, 2015, at 10:00 A.M., in the Kaufman County Annex, 100 N. Washington, Kaufman, Texas, as the date and place for hearing the Petition and parties, said date being the earliest practicable time and such place being in the county in which the land and improvements, if any, is situated.

## V.

The Special Commissioners issued written notice of such date and place of hearing, and the Defendants, Highway 205 Farms, Ltd. by and through their attorney of record, Eddie Vassallo; (2) Maurice E. Moore, Jr.; (3) Dow Chemical Company; (4) and County of Kaufman, were duly served with notice and notified in the manner provided by law of such hearing and the time and place thereof.

## VI.

That on January 21, 2015, the Special Commissioners did convene and the following named parties appeared in person or by their attorney, or, having been duly served Notice of Hearing declined to appear, and announced ready for such hearing, and the Special Commissioners proceeded to hear evidence as to the damages which will be sustained by the owner(s), by reason of the condemnation of the land and improvements, if any; and, after hearing and considering such evidence, the Special Commissioners did find and determine and accordingly assess damages to be paid by the State of Texas for this Condemnation according to the rules of damages set forth in SECTION 21.042 of the TEXAS PROPERTY CODE, in the total amount of:

DOLLARS ($ 357, 263 ) jointly to:

Highway 205 Farms, Ltd.

Dow Chemical Company

County of Kaufman

RENDERED this the 21ˢᵗ day of January, 2015

_____
ROBERT REPKA

_____
DON BURT

_____
BILL JORDAN

SPECIAL COMMISSIONERS

AWARD OF SPECIAL COMMISSIONERS - PAGE 3

The costs of this proceeding are adjudged against the State of Texas. Such costs are to be paid to the County Clerk of Kaufman County, Texas.

Fees due Special Commissioners as set by the Court:

| | | |
|---|---|---|
| ROBERT REPKA | 3 | hours |
| DON BURT | 3 | hours |
| to BILL JORDAN | 3 | hours |

The Clerk of this Court is hereby ORDERED to notify all parties or their attorneys of record, as listed in Exhibit "B" attached hereto, of the filing date of this Award by certified mail, return receipt requested, at their addresses of record pursuant to SECTION 21.049, TEXAS PROPERTY CODE.

The foregoing decision and Award was filed with the Court this the 21st day of January, 2015.

APPROVED this the 21st day of January , 2015

JUDGE DENNIS JONES
County Court at Law
Kaufman County, Texas

THE STATE OF TEXAS
COUNTY OF KAUFMAN
I Rhonda Hughey, District Clerk of Kaufman County, Texas do hereby certify this is a true and correct copy filed in the records of the Kaufman County District Clerk's Office. Given under my hand and seal of said office on this 2nd day of March , 2015.
RHONDA HUGHEY, DISTRICT CLERK
Kaufman County, Texas
By: _____ DEPUTY

AWARD OF SPECIAL COMMISSIONERS - PAGE 4

## Parties to be Notified of Filing of Special Commissioners' Award with Judge of this Court:

Hwy 205 Farms, Ltd.
M.E. Moore, Jr.
3890 W. Northwest Hwy, Suite 100
Dallas, TX 75220

KAUFMAN COUNTY
Tax Assessor/Collector
Kaufman County Annex
100 N. Washington
Kaufman, Texas 75142

Dow Chemical Company
C/O CT Corporation
350 N. St Paul St.
Dallas, TX 75201

## Attorneys to be Notified of Filing of Special Commissioners' Award with Judge of this Court:

CHRISTOPHER C. GUNTER
Assistant City Attorney
City of Dallas
1500 Marilla St, 7DN
Dallas, Texas 75201

EDDIE VASSALLO
VASSALL & SALAZER
3710 Rawlins, Suite 1200
Dallas, TX 75219

LINEBARGER, GOGGAN, BLAIR &
SAMPSON, LLP
Jeff Brown
P.O. Box 17428
Austin, Texas 78760

EXHIBIT "B"

CITY OF DALLAS, §
    Plaintiff, §
VS. §
§
HIGHWAY 205 FARMS, LTD., §
THE DOW CHEMICAL COMPANY, §
KAUFMAN COUNTY, TERRELL §
INDEPENDENT SCHOOL DISTRICT, §
and TRINITY VALLEY COMMUNITY §
COLLEGE DISTRICT §
    Defendants §

IN COUNTY COURT

2013 APR 17 AM 8: 39

AT LAW    BY

KAUFMAN COUNTY, TEXAS

FILED FOR RECORD
KAUFMAN COUNTY
TEXAS

BRENDA HUSSEY
DISTRICT CLERK

DEPUTY

## 1st AMENDED STATEMENT IN CONDEMNATION

NOW COMES THE CITY OF DALLAS (hereafter, "City"), a municipal corporation, incorporated under and by virtue of a Special Act of the Legislature of the State of Texas, exercising the functions of a municipal corporation under said Special Act of the Legislature of the State of Texas, approved April 13, 1907, which said Act and its amendments constitute the Charter of the City of Dallas, and would show the Court as follows:

I.

The City complains of the following parties:

HWY 205 FARM, LTD.                  Owner of Record
*Via Attorney of Record*
Mr. Eddie Vassallo
3710 Rawlins, Suite 1200
Dallas, TX 75219-6410

THE DOW CHEMICAL COMPANY      Mineral Interest
c/o C.T. Corporation, Registered Agent
350 N. St. Paul St.
Dallas, Texas 75201

KAUFMAN COUNTY,              Statutory tax lienholder
in its own behalf and on behalf of
Kaufman County Emergency Service District # 6 (Forney),
Kaufman County Road and Bridge, and Terrell Independent
School District, Trinity Valley Community College District
Agents for service:

1st AMENDED STATEMENT IN CONDEMNATION               Page 1 of of 4

Tonya Ratcliff
Tax Assessor/Collector
Kaufman County Annex
100 N. Washington
Kaufman, Texas 75142

## II.

It is intended that discovery, if any, will be conducted under Level 2.

## III.

Under and by virtue of the provisions of the Charter of the City of Dallas and the statutes of the State of Texas, the City is authorized to acquire title to property and to exercise its power of eminent domain to extend, improve or enlarge its water supply system, including the laying, building, maintenance and construction of water mains and any necessary appurtenances. To that end, the governing body of the City on April 23, 2008 approved resolution no. 081245 (hereafter, "Resolution") which authorized and required, for the Lake Tawakoni 144-inch Raw Water Transmission Pipeline Project, the condemnation of the property described in Exhibit A which is attached hereto and incorporated by reference (hereafter, "Property").

## IV.

The Resolution authorized the City Attorney to file condemnation proceedings to appropriate the Property and vest fee simple title in the City of Dallas. By this condemnation proceeding, the City seeks fee simple title to the Property, for the purposes described above for the Lake Tawakoni 144-inch Raw Water Transmission Pipeline Project in Kaufman County, Texas, save and except all the oil, gas and other minerals beneath said land, with no right remaining in the owner or owners of said oil, gas and other minerals of ingress or egress to or from the surface of said land for the purpose of exploring, developing, drilling, or mining of same.

Provided, however, that there shall be reserved to the Owner, and Owner's heirs, successors, and assigns the easement described in Exhibit "B" attached hereto and made a part hereof.

## V.

By diligent search, the City found that the parties listed in paragraph I (hereafter, "Owners") own or claim some interest in the Property. Should it be disclosed that other persons own or claim some interest in the Property, then the City reserves the right to amend this Statement in Condemnation and include such persons in this condemnation suit.

## VI.

The City could not and cannot agree with the Owners upon the amount of damages legally allowable and payable to the Owners by reason of the appropriation of the Property by the City. In that connection, the City designated one of its agents and representatives, by resolution duly adopted, and authorized said agent and representative to make an offer on behalf of the City of a sum of money stated in said resolution. That offer has been made but the parties have been unable to agree upon the terms of a voluntary conveyance, and further offers would be futile.

## VII.

The City provided the Owners with the landowner's bill of rights statement in accordance with Section 21.0112 of the Texas Property Code.

WHEREFORE, PREMISES CONSIDERED, the City prays of the Court:

1.     The appointment of necessary commissioners as provided by law for the purpose of assessing the damages occasioned by the condemnation of the Property,

2.     A final judgment or a decree of condemnation vesting fee simple title to the Property in the City of Dallas for the purposes aforesaid, save and except all the oil, gas and other minerals

beneath said land, with no right remaining in the owner or owners of said oil, gas and other minerals of ingress or egress to or from the surface of said land for the purpose of exploring, developing, drilling, or mining of same.

3.    Costs of suit, and

4.    Such other and further relief to which the City may be entitled.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF DALLAS, TEXAS
Thomas P. Perkins
City Attorney

*Brandi M. Youngkin*

BRANDI M. YOUNGKIN
Assistant City Attorney
State Bar of Texas No. 24053740
7BN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone (214) 671-8085
Facsimile (214) 670-0622

ATTORNEY FOR PLAINTIFF
CITY OF DALLAS

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy the foregoing 1st Amended Statement in Condemnation has been served upon all parties in this cause in accordance with the provisions of Rule 21a, Texas Rules of Civil Procedure, on this 17th day of April, 2013.

*Brandi M. Youngkin*

BRANDI M. YOUNGKIN

**FIELD NOTES**
DESCRIBING A TRACT OF LAND TO BE ACQUIRED FOR THE RIGHT-OF-
WAY FOR THE LAKE TAWAKONI RAW WATER TRANSMISSION MAIN
KAUFMAN COUNTY, TEXAS
Parcel: 7

BEING a 6.054 acre tract of land in the Elizabeth Graves Survey, Abstract No. 168, and being located in Kaufman County, Texas, and being a portion of a tract of land described as "96 Acres" in Special Warranty Deed to Hwy. 205 Farm, Ltd., a Texas Limited Partnership, dated May 31, 1994, as recorded in Volume 1137, Page 112 of the Deed Records of Kaufman County, Texas (D.R.K.C.T.), and being more particularly described as follows:

COMMENCING at the east corner of said "96 Acres" tract and the south corner of a tract of land described in Warranty Deed to M. Logan Swords and wife, Ruth Riley Swords, dated November 16, 1990, as recorded in Volume 578, Page 277, D.R.K.C.T., said corner also being in Kaufman County Road No. 243, an unrecorded right-of-way;

THENCE North 45 degrees 58 minutes 13 seconds West, along the common line between the northeast line of said "96 Acres" tract and the southwest line of said Swords tract, passing at a distance of 31.00 feet a fence corner post, and continuing along said common line for a total distance of 278.72 feet to a 1/2-inch set iron rod with a red plastic cap stamped "DAL-TECH" (hereinafter referred to as "with cap") for the POINT OF BEGINNING;

THENCE South 80 degrees 34 minutes 33 seconds West, departing said common line and crossing said "96 Acres" tract along a line parallel with and 130 feet perpendicularly distant southeast from the southeast line of a City of Dallas Water Line Right-of-Way (variable width) as recorded in Volume 436, Page 258, D.R.K.C.T., a distance of 1,229.74 feet to a 1/2-inch set iron rod with cap for an angle point;

THENCE South 80 degrees 49 minutes 43 seconds West, continuing across said "96 Acres" tract along a line parallel with and 130 feet perpendicularly distant southeast from the southeast line of said City of Dallas Water Line Right-of-Way, a distance of 702.19 feet to a 1/2-inch set iron rod with cap for an angle point;

THENCE South 82 degrees 30 minutes 27 seconds West, continuing across said "96 Acres" tract along a line parallel with and 130 feet perpendicularly distant southeast from the southeast line of said City of Dallas Water Line Right-of-Way, a distance of 95.08 feet to a 1/2-inch set iron rod with cap on the common line between the southwest line of said "96 Acres" tract and the northeast line of a tract of land described in Warranty Deed with Vendor's Lien to Darrel R. Stephens and Wife, Dimple M. Stephens, dated February 11, 1981, as recorded in Volume 692, Page 335, D.R.K.C.T., said point being in Kaufman County Road No. 245 (Kuban Road), an unrecorded right-of-way;

THENCE North 46 degrees 04 minutes 40 seconds West, along said common line and said Kuban Road, a distance of 166.31 feet to a 1/2-inch set iron rod with cap for the intersection of said common line with the southeast line of said City of Dallas Water Line Right-of-Way;

THENCE North 82 degrees 30 minutes 27 seconds East, departing said common line and Kuban Road and along the southeast line of said City of Dallas Water Line Right-of-Way, passing at a distance of 10.37 feet a found concrete monument with a brass disk stamped "City of Dallas", and continuing along the southeast line of said City of Dallas Water Line Right-of-Way for a total distance of 196.89 feet to a found broken concrete monument for an angle point; *T.D.K.*

# FIELD NOTES
## DESCRIBING A TRACT OF LAND TO BE ACQUIRED FOR THE RIGHT-OF-WAY FOR THE LAKE TAWAKONI RAW WATER TRANSMISSION MAIN KAUFMAN COUNTY, TEXAS
### Parcel: 7

THENCE North 80 degrees 49 minutes 43 seconds East, continuing along the southeast line of said City of Dallas Water Line Right-of-Way, a distance of 700.00 feet to a found concrete monument with a brass disk stamped "City of Dallas" for an angle point;

THENCE North 80 degrees 34 minutes 33 seconds East, continuing along the southeast line of said City of Dallas Water Line Right-of-Way, a distance of 1,133.10 feet to a 1/2-inch set iron rod with cap for the intersection of the southeast line of said City of Dallas Water Line Right-of-Way with the common line between the northeast line of said "96 Acres" tract and the southwest line of said Swords tract;

THENCE South 45 degrees 58 minutes 13 seconds East, departing the southeast line of said City of Dallas Water Line Right-of-Way and along said common line, a distance of 161.82 feet to the POINT OF BEGINNING AND CONTAINING 263,705 square feet or 6.054 acres of land, more or less. T.D.K.

All bearings for this tract refer to the NAD-83 Texas State Plane Coordinate System, North Central Zone 4202, according to measurements made at NGS continuously operating reference stations Collin CORS ARP, Dallas CORS ARP, Kaufman CORS ARP, Tyler CORS ARP, and Paris CORS ARP. The Kaufman County scale factor of 1.0001114077 as published by the Texas Department of Transportation, Dallas District was used for this project.

A plat of even survey date herewith accompanies this legal description.

Company Name:     DAL-TECH Engineering, Inc.

By: _Alan Moore_                          Date: 9/22/06

Surveyor's Name:     Alan Moore
                     Registered Professional Land Surveyor
                     Texas No. 5537

REVIEWED BY Rob Gomes 11-19-06



081245

POINT OF COMMENCEMENT

EXHIBIT
OF A
RIGHT-OF-WAY ACQUISITION
SITUATED IN THE
ELIZABETH GRAVES SURVEY, ABSTRACT NO. 168
KAUFMAN COUNTY, TEXAS
FOR THE
CITY OF DALLAS
BY
DAL-TECH ENGINEERING, INC. 17301 DALLAS PKWY., SUITE 300
DALLAS, TEXAS 75248, TEL. (972)250-2727, FAX (972)250-1774

POINT OF BEGINNING

OWNER:
M. LOGAN SWORDS AND
WIFE, RUTH RILEY SWORDS
VOL. 578, PG. 277
D.R.K.C.T.

SCALE: 1" = 300'

0    300    600

N

S45° 58'13"E
161.82'

S80° 34'33"W
1,229.74'

CITY OF DALLAS WATER
LINE RIGHT-OF-WAY
VOL. 436, PG. 258
D.R.K.C.T.

ELIZABETH GRAVES SURVEY
ABSTRACT NO. 168

PARCEL 7
263,705 S.F.
6.054 AC.

OWNER:
HWY. 205 FARM, LTD.,
A TEXAS LIMITED PARTNERSHIP
"96 ACRES"
VOL. 1137, PG. 112
D.R.K.C.T.

APPROXIMATE LOCATION
OF SURVEY LINE

FOUND CONCRETE
MONUMENT W/BRASS
DISK STAMPED
"CITY OF DALLAS"

FOUND CONCRETE
MONUMENT W/BRASS
DISK STAMPED
"CITY OF DALLAS"
(C.M.)

N82° 30'27"E
196.89'

S80° 49'43"W
702.19'

S82° 30'27"W
95.08'

N46° 04'40"W
166.31'

DETAIL "A"
NOT TO SCALE

OWNER:
DARREL R. STEPHENS
AND WIFE, DIMPLE M. STEPHENS
VOL. 692, PG. 335
D.R.K.C.T.

JUAN CASILLAS SURVEY
ABSTRACT NO. 86

LEGEND:
S.F.    SQUARE FEET
C.M.    CONTROL MONUMENT
O FIR   FOUND IRON ROD
O FIP   FOUND IRON PIPE
½"SIR   ½" SET IRON ROD
W/CAP   WITH A RED PLASTIC
        CAP STAMPED "DAL-TECH"
SX      SET "X" CUT IN CONCRETE
FPK     FOUND PK. NAIL
SPK     SET PK. NAIL

ALL BEARINGS FOR THIS TRACT REFER TO THE NAD-83
TEXAS STATE PLANE COORDINATE SYSTEM, NORTH CENTRAL
ZONE 4202, ACCORDING TO MEASUREMENTS MADE AT NGS
CONTINUOUSLY OPERATING REFERENCE STATIONS COLLIN
CORS ARP, DALLAS CORS ARP, KAUFMAN CORS ARP, TYLER
CORS ARP, AND PARIS CORS ARP. THE KAUFMAN COUNTY
SCALE FACTOR OF 1.00011407 AS PUBLISHED BY THE
TEXAS DEPARTMENT OF TRANSPORTATION, DALLAS
DISTRICT WAS USED FOR THIS PROJECT.

EXHIBIT A
081245

**FIELD NOTES**
DESCRIBING A TRACT OF LAND TO BE ACQUIRED FOR THE RIGHT-OF-
WAY FOR THE LAKE TAWAKONI RAW WATER TRANSMISSION MAIN
KAUFMAN COUNTY, TEXAS
Parcel: 10

BEING a 4.110 acre tract of land in the Juan Casillas Survey, Abstract No. 86, and being located in
Kaufman County, Texas, and being a portion of a tract of land described as "First Tract 40.25 Acres"
in Special Warranty Deed to Hwy. 205 Farm, Ltd., a Texas Limited Partnership, dated May 31, 1994,
as recorded in Volume 1137, Page 112 of the Deed Records of Kaufman County, Texas (D.R.K.C.T.),
and being more particularly described as follows:

COMMENCING at a found 4-inch steel fence post for the north corner of said "First Tract 40.25
Acres" and the west corner of a tract of land described as "First Tract" in Warranty Deed with
Vendor's Lien to W.R. Kuban, dated December 5, 1956, as recorded in Volume 407, Page 32,
D.R.K.C.T., said corner being on the southeast line of a tract of land described as "Second Tract" in
said Warranty Deed with Vendor's Lien to W.R. Kuban, dated December 5, 1956, as recorded in
Volume 407, Page 32, D.R.K.C.T.;

THENCE South 46 degrees 31 minutes 59 seconds East, along the common line between the
northeast line of said Hwy. 205 Farm, Ltd. tract and the southwest line of said Kuban "First Tract",
passing at a distance of 583.12 feet the intersection of said common line with the northwest line of a
City of Dallas Water Line Right-of-Way (130 feet wide) described as "Second Tract" as recorded in
Volume 435, Page 330, D.R.K.C.T., and continuing along said common line, crossing said City of
Dallas Water Line Right-of-Way, for a total distance of 746.61 feet to a 1/2-inch set iron rod with a
red plastic cap stamped "DAL-TECH" (hereinafter referred to as "with cap") for the POINT OF
BEGINNING, said point being the intersection of said common line with the southeast line of said
City of Dallas Water Line Right-of-Way;

THENCE South 46 degrees 31 minutes 59 seconds East, continuing along said common line, a
distance of 163.49 feet to a 1/2-inch set iron rod with cap for corner;

THENCE South 80 degrees 47 minutes 44 seconds West, departing said common line and crossing
said Hwy. 205 Farm, Ltd. tract along a line parallel with and 130 feet perpendicularly distant
southeast from the southeast line of said City of Dallas Water Line Right-of-Way, a distance of
1,513.06 feet to a 1/2-inch set iron rod with cap on the common line between the northwest line of
said Hwy. 205 Farm, Ltd. tract and the southeast line said Kuban "Second Tract";

THENCE North 43 degrees 49 minutes 11 seconds East, along said common line, a distance of
216.13 feet to a 1/2-inch set iron rod with cap for the intersection of said common line with the
southeast line of said City of Dallas Water Line Right-of-Way, said point being North 80 degrees 47
minutes 44 seconds East, a distance of 449.96 feet from a found concrete monument with a brass disk
stamped "City of Dallas" on the southeast line of said City of Dallas Water Line Right-of-Way, said
point also being North 80 degrees 47 minutes 44 seconds East, a distance of 1.00 feet from a found
concrete monument with a brass disk stamped "City of Dallas" on the southeast line of said City of
Dallas Water Line Right-of-Way;

THENCE North 80 degrees 47 minutes 44 seconds East, departing said common line and along the
southeast line of said City of Dallas Water Line Right-of-Way, a distance of 1,241.26 feet to the
POINT OF BEGINNING AND CONTAINING 179,031 square feet or 4.110 acres of land, more or
less. T.O.K.

# FIELD NOTES
## DESCRIBING A TRACT OF LAND TO BE ACQUIRED FOR THE RIGHT-OF-WAY FOR THE LAKE TAWAKONI RAW WATER TRANSMISSION MAIN
## KAUFMAN COUNTY, TEXAS
### Parcel: 10

All bearings for this tract refer to the NAD-83 Texas State Plane Coordinate System, North Central Zone 4202, according to measurements made at NGS continuously operating reference stations Collin CORS ARP, Dallas CORS ARP, Kaufman CORS ARP, Tyler CORS ARP, and Paris CORS ARP. The Kaufman County scale factor of 1.000114077 as published by the Texas Department of Transportation, Dallas District was used for this project. **T. D. K.**

A plat of even survey date herewith accompanies this legal description.

Company Name:  DAL-TECH Engineering, Inc.

By: _Alan Moore_                        Date: _9/27/06_

Surveyor's Name:  Alan Moore
Registered Professional Land Surveyor
Texas No. 5537

REVIEWED BY _Rod Coyle_ 11-13-06

081245

EXHIBIT
OF A
RIGHT-OF-WAY ACQUISITION
SITUATED IN THE
JUAN CASILLAS SURVEY, ABSTRACT NO. 86
KAUFMAN COUNTY, TEXAS
FOR THE
CITY OF DALLAS

DAL-TECH ENGINEERING, INC., 17311 DALLAS PKWY., SUITE 300
DALLAS, TEXAS 75248, TEL. (972)392-2717, FAX (972)392-1714

SCALE: 1"=300'

0  300  600

N

OWNER:
W.R. KUBAN
"FIRST TRACT"
VOL. 407, PG. 32
D.R.K.C.T.

S46° 31'59"E
163.49'

POINT OF BEGINNING

FOUND BROKEN
CONCRETE
MONUMENT

6.0'

DETAIL "B"
NOT TO SCALE

SEE DETAIL "B"

½"SIR
W/CAP

½"SIR
W/CAP

S46° 31'59"E  746.64'
S80°12'W

CITY OF DALLAS WATER
LINE RIGHT-OF-WAY
"SECOND TRACT"
VOL. 455, PG. 330
D.R.K.C.T.

N80°47'44"E
1,241.26'

S80° 47'44"W
1,513.06'

POINT OF
COMMENCEMENT

FOUND 4" STEEL
FENCE POST

OWNER:
W.R. KUBAN
"SECOND TRACT"
VOL. 407, PG. 32
D.R.K.C.T.

FOUND CONCRETE
MONUMENT W/BRASS
DISK STAMPED
"CITY OF DALLAS"

JUAN CASILLAS SURVEY
ABSTRACT NO. 86

OWNER:
HWY. 205 FARM, LTD.,
A TEXAS LIMITED PARTNERSHIP
"FIRST TRACT 40.25 ACRES"
VOL. 1137, PG. 112
D.R.K.C.T.

PARCEL 10
179,031 S.F.
4.110 AC.

½"SIR
W/CAP

½"SIR
W/CAP

FOUND CONCRETE
MONUMENT W/BRASS
DISK STAMPED
"CITY OF DALLAS"
(G.M.)

DETAIL "A"
NOT TO SCALE

1.0'

S43°49'11"W
219.13'

N80°47'44"E  219.96'

N43° 49'11"E
216.13'

OWNER:
HWY. 205 FARM, LTD.,
A TEXAS LIMITED PARTNERSHIP
"216.1 ACRES"
VOL. 1137, PG. 112
D.R.K.C.T.

LEGEND:
S.F.     SQUARE FEET
C.M.     CONTROL MONUMENT
O F.I.R.  FOUND IRON ROD
O F.I.P.  FOUND IRON PIPE
O ½"SIR  ½" SET IRON ROD
  W/CAP   WITH A RED PLASTIC
          CAP STAMPED "DAL-TECH"
SX       SET "X" CUT IN CONCRETE
F.P.K.   FOUND P.K. NAIL
SPK      SET P.K. NAIL

ALL BEARINGS FOR THIS TRACT REFER TO THE NAD-83
TEXAS STATE PLANE COORDINATE SYSTEM, NORTH CENTRAL
ZONE 4202, ACCORDING TO MEASUREMENTS MADE AT NGS
CONTINUOUSLY OPERATING REFERENCE STATIONS COLLIN
CORS ARP, DALLAS CORS ARP, KAUFMAN CORS ARP, TYLER
CORS ARP, AND PARIS CORS ARP. THE KAUFMAN COUNTY
SCALE FACTOR OF 1.00011407 AS PUBLISHED BY THE
TEXAS DEPARTMENT OF TRANSPORTATION, DALLAS
DISTRICT WAS USED FOR THIS PROJECT.

STATE OF TEXAS
ALAN MOORE
5510
REGISTERED

## FIELD NOTES
### DESCRIBING A TRACT OF LAND TO BE ACQUIRED FOR THE RIGHT-OF-WAY FOR THE LAKE TAWAKONI RAW WATER TRANSMISSION MAIN
### KAUFMAN COUNTY, TEXAS
#### Parcel: 12

BEING a 5.780 acre tract of land in the Juan Casillas Survey, Abstract No. 86, and being located in Kaufman County, Texas, and being a portion of a tract of land described as "216.1 Acres" in Special Warranty Deed to Hwy. 205 Farm, Ltd., a Texas Limited Partnership, dated May 31, 1994, as recorded in Volume 1137, Page 112 of the Deed Records of Kaufman County, Texas (D.R.K.C.T.), and being more particularly described as follows:

COMMENCING at a 5/8-inch found iron rod for the west corner of a tract of land described as "Tract No. I 85.02 Acres" in said Special Warranty Deed to Hwy. 205 Farm, Ltd., a Texas Limited Partnership, dated May 31, 1994, as recorded in Volume 1137, Page 112, D.R.K.C.T.;

THENCE North 44 degrees 13 minutes 37 seconds East, along the common line between the northwest line of said "Tract No. I 85.02 Acres" and the southeast line of a tract of land described as "First Tract 353 Acres" in said Special Warranty Deed to Hwy. 205 Farm, Ltd., a Texas Limited Partnership, dated May 31, 1994, as recorded in Volume 1137, Page 112, D.R.K.C.T., a distance of 1,666.88 feet to the north corner of said "Tract No. I 85.02 Acres" and the west corner of said "216.1 Acres" tract;

THENCE North 43 degrees 45 minutes 04 seconds East, along the common line between the northwest line of said "216.1 Acres" tract and the southeast line of said "First Tract 353 Acres", a distance of 340.61 feet to a 1/2-inch set iron rod with a red plastic cap stamped "DAL-TECH" (hereinafter referred to as "with cap") for the POINT OF BEGINNING;

THENCE North 43 degrees 45 minutes 04 seconds East, continuing along said common line, a distance of 223.78 feet to a 1/2-inch set iron rod with cap for the intersection of said common line with the southeast line of a City of Dallas Water Line Right-of-Way (130 feet wide) as recorded in Volume 435, Page 330, D.R.K.C.T., said point being South 43 degrees 45 minutes 04 seconds West, a distance of 1,463.38 feet from a found 4-inch steel fence corner post for the north corner of said "216.1 Acres tract;

THENCE North 79 degrees 15 minutes 58 seconds East, departing said common line and along the southeast line of said City of Dallas Water Line Right-of-Way, a distance of 1,766.22 feet to a 1/2-inch set iron rod with cap for an angle point;

THENCE North 80 degrees 47 minutes 44 seconds East, continuing along the southeast line of said City of Dallas Water Line Right-of-Way, a distance of 32.25 feet to a found concrete monument with a brass disk stamped "City of Dallas" for the intersection of the southeast line of said City of Dallas Water Line Right-of-Way with the common line between the northeast line of said "216.1 Acres" tract and the southwest line of a tract of land described as "Second Tract" in Warranty Deed with Vendor's Lien to W.R. Kuban, dated December 5, 1956, as recorded in Volume 407, Page 32, D.R.K.C.T.;

THENCE South 46 degrees 14 minutes 56 seconds East, departing the southeast line of said City of Dallas Water Line Right-of-Way and along said common line, a distance of 162.87 feet to a 1/2-inch set iron rod with cap for corner; T.D.K.

# FIELD NOTES
## DESCRIBING A TRACT OF LAND TO BE ACQUIRED FOR THE RIGHT-OF-WAY FOR THE LAKE TAWAKONI RAW WATER TRANSMISSION MAIN KAUFMAN COUNTY, TEXAS
### Parcel: 12

THENCE South 80 degrees 47 minutes 44 seconds West, departing said common line and crossing said "216.1 Acres" tract along a line parallel with and 130 feet perpendicularly distant southeast from the southeast line of said City of Dallas Water Line Right-of-Way, a distance of 128.64 feet to a 1/2-inch set iron rod with cap for an angle point;

THENCE South 79 degrees 15 minutes 58 seconds West, continuing across said "216.1 Acres" tract along a line parallel with and 130 feet perpendicularly distant southeast from the southeast line of said City of Dallas Water Line Right-of-Way, a distance of 1,946.64 feet to the POINT OF BEGINNING AND CONTAINING 251,794 square feet or 5.780 acres of land, more or less. T. D. K.

All bearings for this tract refer to the NAD-83 Texas State Plane Coordinate System, North Central Zone 4202, according to measurements made at NGS continuously operating reference stations Collin CORS ARP, Dallas CORS ARP, Kaufman CORS ARP, Tyler CORS ARP, and Paris CORS ARP. The Kaufman County scale factor of 1.000114077 as published by the Texas Department of Transportation, Dallas District was used for this project.

A plat of even survey date herewith accompanies this legal description.

Company Name:     DAL-TECH Engineering, Inc.

By: _____     Date: 9/27/06

Surveyor's Name:     Alan Moore
Registered Professional Land Surveyor
Texas No. 5537



081245

SCALE: 1"=300'

N

E.L. BOYD SURVEY ABSTRACT NO. 48

JUAN CASILLAS SURVEY ABSTRACT NO. 86

REVIEWED BY

OWNER:
W.R. KUBAN
"SECOND TRACT"
VOL. 407, PG. 32
D.R.K.C.T.

N80°47'44"E
32.25'

FOUND CONCRETE
MONUMENT W/BRASS
DISK STAMPED
"CITY OF DALLAS"

S46°14'56"E
162.87'

1/2"SIR
W/CAP

FOUND 4"
STEEL FENCE
POST

OWNER:
HWY. 205 FARM, LTD.,
A TEXAS LIMITED PARTNERSHIP
"216.1 ACRES"
VOL. 1137, PG. 112
D.R.K.C.T.

S80°47'44"W
128.64'

1/2"SIR
W/CAP

OWNER:
HWY. 205 FARM, LTD.,
A TEXAS LIMITED PARTNERSHIP
"216.1 ACRES"
VOL. 1137, PG. 112
D.R.K.C.T.

1/2"SIR
W/CAP

CITY OF DALLAS WATER
LINE RIGHT-OF-WAY
VOL. 436, PG. 330
D.R.K.C.T.

N79°15'58"E
1,705.22'

30.00'

15.00'

S79°15'58"W
1,946.64'

PARCEL 12
251,794 S.F.
5.780 AC.

POINT OF
BEGINNING

1/2"SIR
W/CAP

1/2"SIR
W/CAP

OWNER:
HWY. 205 FARM, LTD.,
A TEXAS LIMITED PARTNERSHIP
"FIRST TRACT 353 ACRES"
VOL. 1137, PG. 112
D.R.K.C.T.

N43°45'04"E
223.78'

OWNER:
HWY. 205 FARM, LTD.,
A TEXAS LIMITED
PARTNERSHIP
"TRACT NO. 1
85.02 ACRES"
VOL. 1137, PG. 112
D.R.K.C.T.

POINT OF
COMMENCEMENT

5/8" FIR
(C.M.)

APPROXIMATE LOCATION
OF SURVEY LINE

E.L. BOYD SURVEY, ABSTRACT NO. 48

JUAN CASILLAS SURVEY, ABSTRACT NO. 86

STATE OF TEXAS
REGISTERED
ALAN MOORE
5537
LAND

EXHIBIT
OF A
RIGHT-OF-WAY ACQUISITION
SITUATED IN THE
JUAN CASILLAS SURVEY, ABSTRACT NO. 86
KAUFMAN COUNTY, TEXAS
FOR THE
CITY OF DALLAS
BY
DAL-TECH ENGINEERING, INC., 17311 DALLAS PKWY., SUITE 300
DALLAS, TEXAS 75248, TEL. (972)250-2727, FAX (972)250-2724

ALL BEARINGS FOR THIS TRACT REFER TO THE NAD-83
TEXAS STATE PLANE COORDINATE SYSTEM, NORTH CENTRAL
ZONE 4202, ACCORDING TO MEASUREMENTS MADE AT NGS
CONTINUOUSLY OPERATING REFERENCE STATIONS COLLIN
CORS ARP, DALLAS CORS ARP, KAUFMAN CORS ARP, TYLER
CORS ARP, AND PARIS CORS ARP. THE KAUFMAN COUNTY
SCALE FACTOR OF 1.000114077 AS PUBLISHED BY THE
TEXAS DEPARTMENT OF TRANSPORTATION, DALLAS
DISTRICT WAS USED FOR THIS PROJECT.

LEGEND:
S.F.        SQUARE FEET
C.M.        CONTROL MONUMENT
O FIR       FOUND IRON ROD
O FIP       FOUND IRON PIPE
O 1/2"SIR   SET IRON ROD
W/CAP       WITH A RED PLASTIC
            CAP STAMPED "DAL-TECH"
SX          SET "X" CUT IN CONCRETE
FPK         FOUND PK. NAIL
SPK         SET PK. NAIL

081245

# FIELD NOTES
## DESCRIBING A TRACT OF LAND TO BE ACQUIRED FOR THE RIGHT-OF-WAY FOR THE LAKE TAWAKONI RAW WATER TRANSMISSION MAIN KAUFMAN COUNTY, TEXAS
### Parcel: 13

BEING a 9.595 acre tract of land in the E.L. Boyd Survey, Abstract No. 48, and being located in Kaufman County, Texas, and being a portion of a tract of land described as "First Tract 353 Acres" in Special Warranty Deed to Hwy. 205 Farm, Ltd., a Texas Limited Partnership, dated May 31, 1994, as recorded in Volume 1137, Page 112 of the Deed Records of Kaufman County, Texas (D.R.K.C.T.), and being more particularly described as follows:

COMMENCING at a 5/8-inch found iron rod for the west corner of a tract of land described as "Tract No. I 85.02 Acres" in said Special Warranty Deed to Hwy. 205 Farm, Ltd., a Texas Limited Partnership, dated May 31, 1994, as recorded in Volume 1137, Page 112, D.R.K.C.T., said corner being on the southeast line of said "First Tract 353 Acres";

THENCE North 44 degrees 13 minutes 37 seconds East, along the common line between the southeast line of said "First Tract 353 Acres" and the northwest line of said "Tract No. I 85.02 Acres", a distance of 1,666.88 feet to the north corner of said "Tract No. I 85.02 Acres" and the west corner of a tract of land described as "216.1 Acres" in said Special Warranty Deed to Hwy. 205 Farm, Ltd., a Texas Limited Partnership, dated May 31, 1994, as recorded in Volume 1137, Page 112, D.R.K.C.T.;

THENCE North 43 degrees 45 minutes 04 seconds East, along the common line between the northwest line of said "216.1 Acres" tract and the southeast line of said "First Tract 353 Acres", a distance of 340.61 feet to a 1/2-inch set iron rod with a red plastic cap stamped "DAL-TECH" (hereinafter referred to as "with cap") for the POINT OF BEGINNING;

THENCE South 79 degrees 15 minutes 58 seconds West, departing said common line and crossing said "First Tract 353 Acres" along a line parallel with and 130 feet perpendicularly distant southeast from the southeast line of a City of Dallas Water Line Right-of-Way (130 feet wide) as recorded in Volume 435, Page 330, D.R.K.C.T., a distance of 3,077.46 feet to a 1/2-inch set iron rod with cap on the common line between the southwest line of said "First Tract 353 Acres" and the northeast line of a tract of land described as "Second Tract 128 Acres" in said Special Warranty Deed to Hwy. 205 Farm, Ltd., a Texas Limited Partnership, dated May 31, 1994, as recorded in Volume 1137, Page 112, D.R.K.C.T.;

THENCE North 46 degrees 18 minutes 10 seconds West, along said common line, a distance of 159.82 feet to a 1/2-inch set iron rod with cap for the intersection of said common line with the southeast line of said City of Dallas Water Line Right-of-Way, said point being North 79 degrees 15 minutes 58 seconds East, a distance of 1054.02 feet from a found broken concrete monument for the intersection of the southeast line of said City of Dallas Water Line Right-of-Way with the common line between the northwest line of said "Second Tract 128 Acres" and the southeast line of a tract of land described as "159 Acres" in said Special Warranty Deed to Hwy. 205 Farm, Ltd., a Texas Limited Partnership, dated May 31, 1994, as recorded in Volume 1137, Page 112, D.R.K.C.T.;

THENCE North 79 degrees 15 minutes 58 seconds East, departing said common line and along the southeast line of said City of Dallas Water Line Right-of-Way, a distance of 3,352.57 feet to a 1/2-inch set iron rod with cap for the intersection of the southeast line of said City of Dallas Water Line Right-of-Way with the common line between the southeast line of said "First Tract 353 Acres" and the northwest line of said "216.1 Acres" tract, said point being South 43 degrees 45 minutes 04 **D.K.**

## FIELD NOTES
### DESCRIBING A TRACT OF LAND TO BE ACQUIRED FOR THE RIGHT-OF-WAY FOR THE LAKE TAWAKONI RAW WATER TRANSMISSION MAIN
### KAUFMAN COUNTY, TEXAS
#### Parcel: 13

seconds West, a distance of 1,463.38 feet from a found 4-inch steel fence corner post for the north corner of said "216.1 Acres tract;

THENCE South 43 degrees 45 minutes 04 seconds West, departing the southeast line of said City of Dallas Water Line Right-of-Way and along said common line, a distance of 223.78 feet to the POINT OF BEGINNING AND CONTAINING 417,952 square feet or 9.595 acres of land, more or less. **T.D.K.**

All bearings for this tract refer to the NAD-83 Texas State Plane Coordinate System, North Central Zone 4202, according to measurements made at NGS continuously operating reference stations Collin CORS ARP, Dallas CORS ARP, Kaufman CORS ARP, Tyler CORS ARP, and Paris CORS ARP. The Kaufman County scale factor of 1.000114077 as published by the Texas Department of Transportation, Dallas District was used for this project.

A plat of even survey date herewith accompanies this legal description.

Company Name:      DAL-TECH Engineering, Inc.

By: _____    Date: _9/27/06_

Surveyor's Name:     Alan Moore
Registered Professional Land Surveyor
Texas No. 5537



081245

SCALE: 1"=300'

POINT OF BEGINNING

POINT OF COMMENCEMENT

MATCH LINE SEE SHEET 4

PARCEL 13
417,952 S.F.
9.595 AC.

E.L. BOYD SURVEY
ABSTRACT NO. 48

JUAN CASILLAS SURVEY
ABSTRACT NO. 86

REVIEWED BY



MATCH LINE SEE SHEET 3

N

SCALE: 1"=300'

0   300   600

E.L. BOYD SURVEY
ABSTRACT NO. 48

OWNER:
HWY. 205 FARM, LTD.,
A TEXAS LIMITED PARTNERSHIP
"159 ACRES"
VOL. 1137, PG. 112
D.R.K.C.T.

OWNER:
HWY. 205 FARM, LTD.,
A TEXAS LIMITED PARTNERSHIP
"FIRST TRACT 353 ACRES"
VOL. 1137, PG. 112
D.R.K.C.T.

CITY OF DALLAS WATER
LINE RIGHT-OF-WAY
VOL. 435, PG. 330
D.R.K.C.T.

OWNER:
HWY. 205 FARM, LTD.,
A TEXAS LIMITED PARTNERSHIP
"FIRST TRACT 353 ACRES"
VOL. 1137, PG. 112
D.R.K.C.T.

N79°15'58"E
3,552.57'

S79°15'58"W
3,077.46'

PARCEL 13
417,952 S.F.
9.595 AC.

130.00'   150.00'

½"SIR
W/CAP

½"SIR
W/CAP

N79°15'58"E 1,054.02'

N46°18'10"W
159.82'

OWNER:
HWY. 205 FARM, LTD.,
A TEXAS LIMITED PARTNERSHIP
"SECOND TRACT 128 ACRES"
VOL. 1137, PG. 112
D.R.K.C.T.

FOUND BROKEN
CONCRETE
MONUMENT
(C.M.)

LEGEND:
S.F.      SQUARE FEET
C.M.     CONTROL MONUMENT
O.F.I.R.  FOUND IRON ROD
O.F.I.P.  FOUND IRON PIPE
O ½"SIR ½" SET IRON ROD
W/CAP   WITH A RED PLASTIC
          CAP STAMPED "DAL-TECH"
SX       SET "X" CUT IN CONCRETE
FPK      FOUND PK. NAIL
SPK      SET PK. NAIL

ALL BEARINGS FOR THIS TRACT REFER TO THE NAD-83
TEXAS STATE PLANE COORDINATE SYSTEM, NORTH CENTRAL
ZONE 4202, ACCORDING TO MEASUREMENTS MADE AT NGS
CONTINUOUSLY OPERATING REFERENCE STATIONS COLLIN
CORS ARP, DALLAS CORS ARP, KAUFMAN CORS ARP, TYLER
CORS ARP, AND PARIS CORS ARP. THE KAUFMAN COUNTY
SCALE FACTOR OF 1.000114077 AS PUBLISHED BY THE
TEXAS DEPARTMENT OF TRANSPORTATION, DALLAS
DISTRICT WAS USED FOR THIS PROJECT.

EXHIBIT
OF A
RIGHT-OF-WAY ACQUISITION
SITUATED IN THE
E.L. BOYD SURVEY, ABSTRACT NO. 48
KAUFMAN COUNTY, TEXAS
FOR THE
CITY OF DALLAS
BY
DAL-TECH ENGINEERING, INC., 17311 DALLAS PKWY., SUITE 300
DALLAS, TEXAS 75248, TEL. (972)250-2727, FAX (972)250-2714

EXHIBIT A
081245

BEING a 3.555 acre tract of land in the E.L. Boyd Survey, Abstract No. 48, and being located in Kaufman County, Texas, and being a portion of a tract of land described as "Second Tract 128 Acres" in Special Warranty Deed to Hwy. 205 Farm, Ltd., a Texas Limited Partnership, dated May 31, 1994, as recorded in Volume 1137, Page 112 of the Deed Records of Kaufman County, Texas (D.R.K.C.T.), and being more particularly described as follows:

COMMENCING at a found broken concrete monument on the northeast right-of-way line of State Highway No. 205 (100 feet wide at this point);

THENCE North 45 degrees 33 minutes 19 seconds West, along said northeast right-of-way line, a distance of 535.90 feet to a found broken concrete monument for the southwest end of a 10-foot offset in said northeast right-of-way line;

THENCE North 44 degrees 26 minutes 41 seconds East, along said 10-foot offset, a distance of 10.00 feet to a found broken concrete monument for the northeast end of said offset;

THENCE North 45 degrees 33 minutes 19 seconds West, along said northeast right-of-way line (120 feet wide at this point), a distance of 1,186.12 feet to the intersection of said northeast right-of-way line with the common line between the northwest line of said "Second Tract 128 Acres" tract and the southeast line of a tract of land described as "159 Acres" in said Special Warranty Deed to Hwy. 205 Farm, Ltd., a Texas Limited Partnership, dated May 31, 1994, as recorded in Volume 1137, Page 112, D.R.K.C.T.;

THENCE North 43 degrees 41 minutes 50 seconds East, departing said northeast right-of-way line and along said common line, a distance of 1,106.47 feet to a 1/2-inch set iron rod with a red plastic cap stamped "DAL-TECH" (hereinafter referred to as "with cap") for the POINT OF BEGINNING;

THENCE North 43 degrees 41 minutes 50 seconds East, continuing along said common line, a distance of 223.34 feet to a found broken concrete monument for the intersection of said common line with the southeast line of a City of Dallas Water Line Right-of-Way (130 feet wide) as recorded in Volume 435, Page 330, D.R.K.C.T.;

THENCE North 79 degrees 15 minutes 58 seconds East, departing said common line and along the southeast line of said City of Dallas Water Line Right-of-Way, a distance of 1,054.02 feet to a 1/2-inch set iron rod with cap for the intersection of the southeast line of said City of Dallas Water Line Right-of-Way with the common line between the northeast line of said "Second Tract 128 Acres" and the southwest line of a tract of land described as "First Tract 353 Acres" in said Special Warranty Deed to Hwy. 205 Farm, Ltd., a Texas Limited Partnership, dated May 31, 1994, as recorded in Volume 1137, Page 112, D.R.K.C.T.;

THENCE South 46 degrees 18 minutes 10 seconds East, departing the southeast line of said City of Dallas Water Line Right-of-Way and along said common line, a distance of 159.82 feet to a 1/2-inch set iron rod with cap for corner; T.O.K.

## DESCRIBING A TRACT OF LAND TO BE ACQUIRED FOR THE RIGHT-OF-WAY FOR THE LAKE TAWAKONI RAW WATER TRANSMISSION MAIN KAUFMAN COUNTY, TEXAS
### Parcel: 14

THENCE South 79 degrees 15 minutes 58 seconds West, departing said common line and crossing said "Second Tract 128 Acres" along a line parallel with and 130 feet perpendicularly distant southeast from the southeast line of said City of Dallas Water Line Right-of-Way, a distance of 1,146.17 feet to a 1/2-inch set iron rod with cap for an angle point;

THENCE South 79 degrees 17 minutes 39 seconds West, continuing across said "Second Tract 128 Acres" along a line parallel with and 130 feet perpendicularly distant southeast from the southeast line of said City of Dallas Water Line Right-of-Way, a distance of 182.48 feet to the POINT OF BEGINNING AND CONTAINING 154,874 square feet or 3.555 acres of land, more or less. T.D.K.

All bearings for this tract refer to the NAD-83 Texas State Plane Coordinate System, North Central Zone 4202, according to measurements made at NGS continuously operating reference stations Collin CORS ARP, Dallas CORS ARP, Kaufman CORS ARP, Tyler CORS ARP, and Paris CORS ARP. The Kaufman County scale factor of 1.000114077 as published by the Texas Department of Transportation, Dallas District was used for this project.

A plat of even survey date herewith accompanies this legal description.

Company Name:     DAL-TECH Engineering, Inc.

By: _____     Date: 9/27/06

Surveyor's Name:     Alan Moore
Registered Professional Land Surveyor
Texas No. 5537

REVIEWED BY

# FIELD NOTES
## DESCRIBING A TRACT OF LAND TO BE ACQUIRED FOR THE RIGHT-OF-WAY FOR THE LAKE TAWAKONI RAW WATER TRANSMISSION MAIN
### KAUFMAN COUNTY, TEXAS
Parcel: 14

THENCE South 79 degrees 15 minutes 58 seconds West, departing said common line and crossing said "Second Tract 128 Acres" along a line parallel with and 130 feet perpendicularly distant southeast from the southeast line of said City of Dallas Water Line Right-of-Way, a distance of 1,146.17 feet to a 1/2-inch set iron rod with cap for an angle point;

THENCE South 79 degrees 17 minutes 39 seconds West, continuing across said "Second Tract 128 Acres" along a line parallel with and 130 feet perpendicularly distant southeast from the southeast line of said City of Dallas Water Line Right-of-Way, a distance of 182.48 feet to the POINT OF BEGINNING AND CONTAINING 154,874 square feet or 3.555 acres of land, more or less. **T.D.K.**

All bearings for this tract refer to the NAD-83 Texas State Plane Coordinate System, North Central Zone 4202, according to measurements made at NGS continuously operating reference stations Collin CORS ARP, Dallas CORS ARP, Kaufman CORS ARP, Tyler CORS ARP, and Paris CORS ARP. The Kaufman County scale factor of 1.000114077 as published by the Texas Department of Transportation, Dallas District was used for this project.

A plat of even survey date herewith accompanies this legal description.

Company Name:        DAL-TECH Engineering, Inc.

By: _____        Date: 9/27/06

Surveyor's Name:        Alan Moore
                        Registered Professional Land Surveyor
                        Texas No. 5537

STATE OF TEXAS
REGISTERED
ALAN MOORE
5537
PROFESSIONAL LAND SURVEYOR

REVIEWED BY _____



081245

REVIEWED BY ____ 11-13-06

SCALE: 1"=300'

0    300    600

N

OWNER:
HWY. 205 FARM, LTD.,
A TEXAS LIMITED PARTNERSHIP
"FIRST TRACT 353 ACRES"
VOL. 1137, PG. 112
D.R.K.C.T.

S46°18'10"E
159.82'

½"SIR
W/CAP

½"SIR
W/CAP

PARCEL 14
154,874 S.F.
3.555 AC.

OWNER:
HWY. 205 FARM, LTD.,
A TEXAS LIMITED PARTNERSHIP
"SECOND TRACT 128 ACRES"
VOL. 1137, PG. 112
D.R.K.C.T.

N79°15'58"E
1,054.02'

S79°15'58"W
1,146.17'

S79°17'39"W
182.48'

½"SIR
W/CAP

½"SIR
W/CAP

CITY OF DALLAS WATER
LINE RIGHT-OF-WAY
VOL. 435, PG. 330
D.R.K.C.T.

FOUND BROKEN
CONCRETE
MONUMENT
(C.M.)

E.L. BOYD SURVEY
ABSTRACT NO. 48

N43°41'50"E
223.34'

OWNER:
HWY. 205 FARM, LTD.,
A TEXAS LIMITED PARTNERSHIP
"159 ACRES"
VOL. 1137, PG. 112
D.R.K.C.T.

POINT OF
BEGINNING

POINT OF
COMMENCEMENT

FOUND BROKEN
CONCRETE
MONUMENT
(C.M.)

FOUND BROKEN
CONCRETE
MONUMENTS

N44°26'41"E
10.00'

N45°33'19"W
535.90'

STATE HIGHWAY NO. 205

FOUND BROKEN
CONCRETE
MONUMENTS

LEGEND:
S.F.     SQUARE FEET
C.M.     CONTROL MONUMENT
FIR      FOUND IRON ROD
FIP      FOUND IRON PIPE
SIR      SET IRON ROD
         WITH A RED PLASTIC
         CAP STAMPED "DAL-TECH"
SX       SET "X" CUT IN CONCRETE
FPK      FOUND PK. NAIL
SPK      SET PK. NAIL

ALL BEARINGS FOR THIS TRACT REFER TO THE NAD-83
TEXAS STATE PLANE COORDINATE SYSTEM, NORTH CENTRAL
ZONE 4202, ACCORDING TO MEASUREMENTS MADE AT NGS
CONTINUOUSLY OPERATING REFERENCE STATIONS COAL1M
CORS ARP, DALLAS CORS ARP, KAUFMAN CORS ARP, TYLER
CORS ARP, AND PARIS CORS ARP. THE KAUFMAN COUNTY
SCALE FACTOR OF 1.000114077 AS PUBLISHED BY THE
TEXAS DEPARTMENT OF TRANSPORTATION, DALLAS
DISTRICT WAS USED FOR THIS PROJECT.

EXHIBIT
OF A
RIGHT-OF-WAY ACQUISITION
SITUATED IN THE
E.L. BOYD SURVEY, ABSTRACT NO. 48
KAUFMAN COUNTY, TEXAS
FOR THE
CITY OF DALLAS
BY

DAL-TECH ENGINEERING, INC., 17311 DALLAS PKWY., SUITE 300
DALLAS, TEXAS 75248, (972)250-2727, FAX (972)250-1774

ALAN MOORE
5553

DESCRIBING A TRACT OF LAND TO BE ACQUIRED FOR THE RIGHT-OF-
WAY FOR THE LAKE TAWAKONI RAW WATER TRANSMISSION MAIN
KAUFMAN COUNTY, TEXAS
Parcel: 15

BEING a 4.430 acre tract of land in the E.L. Boyd Survey, Abstract No. 48, and being located in Kaufman County, Texas, and being a portion of a tract of land described as "159 Acres" in Special Warranty Deed to Hwy. 205 Farm, Ltd., a Texas Limited Partnership, dated May 31, 1994, as recorded in Volume 1137, Page 112 of the Deed Records of Kaufman County, Texas (D.R.K.C.T.), and being more particularly described as follows:

COMMENCING at a found broken concrete monument on the northeast right-of-way line of State Highway No. 205 (100 feet wide at this point);

THENCE North 45 degrees 33 minutes 19 seconds West, along said northeast right-of-way line, a distance of 535.90 feet to a found broken concrete monument for the southwest end of a 10-foot offset in said northeast right-of-way line;

THENCE North 44 degrees 26 minutes 41 seconds East, along said 10-foot offset, a distance of 10.00 feet to a found broken concrete monument for the northeast end of said offset;

THENCE North 45 degrees 33 minutes 19 seconds West, along said northeast right-of-way line (120 feet wide at this point), passing at a distance of 1,186.12 feet the intersection of said northeast right-of-way line with the common line between the southeast line of said "159 Acres" tract and the northwest line of a tract of land described as "Second Tract 128 Acres" in said Special Warranty Deed to Hwy. 205 Farm, Ltd., a Texas Limited Partnership, dated May 31, 1994, as recorded in Volume 1137, Page 112, D.R.K.C.T., and continuing along said northeast right-of-way line for a total distance of 1,970.92 feet to a 1/2-inch set iron rod with a red plastic cap stamped "DAL-TECH" (hereinafter referred to as "with cap") for the POINT OF BEGINNING;

THENCE North 45 degrees 33 minutes 19 seconds West, continuing along said northeast right-of-way line, a distance of 158.41 feet to a 1/2-inch set iron rod with cap for the intersection of said common line with the southeast line of a City of Dallas Water Line Right-of-Way (130 feet wide) as recorded in Volume 437, Page 85, D.R.K.C.T.;

THENCE North 79 degrees 17 minutes 39 seconds East, departing said northeast line and along the southeast line of said City of Dallas Water Line Right-of-Way, a distance of 1,620.28 feet to a found broken concrete monument for the intersection of the southeast line of said City of Dallas Water Line Right-of-Way with the common line between the southeast line of said "159 Acres" tract and the northwest line of said "Second Tract 128 Acres";

THENCE South 43 degrees 41 minutes 50 seconds West, departing the southeast line of said City of Dallas Water Line Right-of-Way and along said common line, a distance of 223.34 feet to a 1/2-inch set iron rod with cap for corner;

THENCE South 79 degrees 17 minutes 39 seconds West, departing said common line and crossing said "159 Acres" tract along a line parallel with and 130 feet perpendicularly distant southeast from the southeast line of said City of Dallas Water Line Right-of-Way, a distance of 1,348.16 feet to the POINT OF BEGINNING AND CONTAINING 192,948 square feet or 4.430 acres of land, more or less. T.O.K.

DESCRIBING A TRACT OF LAND TO BE ACQUIRED FOR THE RIGHT-OF-
WAY FOR THE LAKE TAWAKONI RAW WATER TRANSMISSION MAIN
KAUFMAN COUNTY, TEXAS
Parcel: 15

All bearings for this tract refer to the NAD-83 Texas State Plane Coordinate System, North Central Zone 4202, according to measurements made at NGS continuously operating reference stations Collin CORS ARP, Dallas CORS ARP, Kaufman CORS ARP, Tyler CORS ARP, and Paris CORS ARP. The Kaufman County scale factor of 1.000114077 as published by the Texas Department of Transportation, Dallas District was used for this project. T.D.K.

A plat of even survey date herewith accompanies this legal description.

Company Name: DAL-TECH Engineering, Inc.

By: _____ Date: 9/27/06

Surveyor's Name: Alan Moore
Registered Professional Land Surveyor
Texas No. 5537



081245

POINT OF COMMENCEMENT

POINT OF BEGINNING

EXHIBIT
OF A
RIGHT-OF-WAY ACQUISITION
SITUATED IN THE
E.L. BOYD SURVEY, ABSTRACT NO. 48
KAUFMAN COUNTY, TEXAS
FOR THE
CITY OF DALLAS
BY

DAL-TECH ENGINEERING, INC., 17311 DALLAS PKWY, SUITE 200
DALLAS, TEXAS 75248, TEL. 972/250-2727, FAX. 972/250-1714

All bearings for this tract refer to the NAD-83 Texas State Plane Coordinate System, North Central Zone 4202, according to measurements made at NGS continuously operating reference stations Collin CORS ARP, Dallas CORS ARP, Kaufman CORS ARP, Tyler CORS ARP, and Paris CORS ARP. The Kaufman County scale factor of 1.00011077 as published by the Texas Department of Transportation, Dallas District was used for this project.

LEGEND:
S.F.    SQUARE FEET
C.M.    CONTROL MONUMENT
FIR     FOUND IRON ROD
FIP     FOUND IRON PIPE
1/2"SIR SET 1/2" SET IRON ROD
W/CAP   WITH A RED PLASTIC
        CAP STAMPED "DAL-TECH"
SX      SET "X" CUT IN CONCRETE
FPK,NAIL FOUND PK, NAIL
SPK     SET PK, NAIL

S43°41'50"W
223.34'

FOUND BROKEN
CONCRETE
MONUMENT
(C.M.)

1/2"SIR
W/CAP

N79°47'39"E
1,620.26'

S79°17'39"W
1,348.16'

OWNER:
HWY. 205 FARM, LTD.,
A TEXAS LIMITED PARTNERSHIP
"SECOND TRACT 128 ACRES"
VOL. 1137, PG. 112
D.R.K.C.T.

OWNER:
HWY. 205 FARM, LTD.,
A TEXAS LIMITED PARTNERSHIP
"159 ACRES"
VOL. 1137, PG. 112
D.R.K.C.T.

CITY OF DALLAS WATER
LINE RIGHT-OF-WAY
VOL. 437, PG. 85
D.R.K.C.T.

E.L. BOYD SURVEY
ABSTRACT NO. 48

70' T.P.&L. EASEMENT
VOL. 490, PG. 06
D.R.K.C.T.

PARCEL 15
192,948 S.F.
4.430 AC.

130.40'  130.00'

S44°26'41"W
10.00'

FOUND
CONCRETE
MONUMENT
(C.M.)

1/2"SIR
W/CAP

N45°33'19"W
198.05'

FOUND
CONCRETE
MONUMENTS

N45°33'19"W
158.41'

1" FIP
(C.M.)

OWNER:
NANCY CLEMENTS SEAY
(A MARRIED WOMAN)
VOL. 1061, PG. 556
D.R.K.C.T.

N45°33'19"W
1,186.12'

FOUND BROKEN
CONCRETE
MONUMENTS

N44°26'41"E
10.00'

N45°33'19"W
535.90'

FOUND BROKEN
CONCRETE
MONUMENT
(C.M.)

FOUND BROKEN
CONCRETE
MONUMENTS

1,970.92'

STATE HIGHWAY NO. 205

784.80'

N45°33'19"W

SCALE: 1"=300'
0    300    600

N

ALAN MOORE
5537
REGISTERED
STATE OF TEXAS

# EXHIBIT B

## EASEMENT – GRAZING AND AGRICULTRUAL USE

Grantor, for Grantor and Grantor's heirs, successors and assigns ("the holder of the easement") does hereby reserve an easement over, on and across the property described in Exhibit "A" for agricultural and/or grazing purposes in connection with Grantor' use of Grantor's adjoining or abutting property and in a manner as not to endanger or interfere with the safe, efficient and/or convenient use of and activity on the property described in Exhibit "A" by City.

In no event may the holder of the easement construct or install, or cause to be constructed or installed, in the easement any permanent improvements, roads, pavement, utilities, structures, buildings, cattle tanks and/or stock ponds. Any activity by the holder of the easement involving excavation, contouring, and/or grading beyond normal agricultural tillage and installation of fence posts is strictly prohibited. Any activity by the holder of the easement causing or likely to cause excessive erosion, as determined by City, is strictly prohibited. In no event and under no circumstances may the holder of the easement operate within the easement any vehicles, equipment or machinery exceeding 15,000 lbs in weight. The holder of the easement shall not grow any trees, shrubs, vines or other excessive undergrowth that would prevent or unreasonably impair aerial inspection of the property by City.

The holder of this easement may fence the boundaries of the easement (but no cross fencing) to control livestock and wildlife; provided, however, adequate gates, cattle guards and other means of access are provided and maintained by the holder of the easement to facilitate City's full and unlimited access to, from and across the easement at all times for any and all purposes.

This easement is nonexclusive, and City reserves for City and City's successors and assigns the right to convey to others easements that do not unreasonably impair or obstruct this easement. Notwithstanding any provision of this easement reservation to the contrary, City and City's successors and assigns shall in all respects and at all times have the superior and paramount right of use, access and control of the property described in Exhibit "A' and covered by this easement, without any liability for damages to planted, growing or mature crops and/or to the turf that may be growing thereon. City and City's successors and assigns will repair any boundary fences it may cut or damage by its activities and will endeavor to exercise due care to avoid damage to or the escape of livestock that may be pastured in the easement.

The holder of the easement agrees to indemnify, defend and hold City and City's successors in interest harmless from any loss, attorney's fees, court and other costs, expenses or claims attributable to any breach or default of any provision of this easement by the holder and/or any negligent act or omission by the holder with regard to this easement. In the event the holder of the easement shall place any unpermitted structure, improvement, use or material within the easement and fails to remove same immediately upon receipt of notice from City, City shall have the right, but not the obligation, to remove such structure, improvement, use and/or material, and the holder of the easement shall reimburse City for any and all costs connected with such action immediately upon demand.

This easement shall terminate if and when the holder of the easement no longer owns or uses adjoining or abutting property for agricultural and/or grazing purposes.

NO. 84262CC

| CITY OF DALLAS | § | CONDEMNATION PROCEEDING |
| | § | |
| V. | § | |
| | § | COUNTY COURT AT LAW |
| HIGHWAY 205 FARMS, LTD., | § | |
| MAURICE E. MOORE, JR., THE | § | |
| DOW CHEMICAL COMPANY, | § | |
| KAUFMAN COUNTY, TERRELL | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
| And TRINITY VALLEY COMMUNITY | § | |
| COLLEGE DISTRICT | § | KAUFMAN COUNTY, TEXAS |

## OBJECTIONS TO THE AWARD OF SPECIAL COMMISSIONERS

Defendants Hwy 205 Farm, Ltd. and Maurice E. Moore, Jr. file their Objections to the Award of Special Commissioners pursuant to Section 21.018 of the Texas Property Code and show the Court the following:

1. Plaintiff City of Dallas ("City") filed this statutory eminent domain proceeding against Defendants to acquire a tract of land described in Plaintiff's Statement in Condemnation.

2. Defendants object to the Award of Special Commissioners pursuant to Texas Property Code § 21.018(a). As grounds therefor, Defendants state the amount awarded by the Special Commissioners for the taking is grossly inadequate. The Award fails to compensate Defendants fully and adequately for the reasonable value of the property taken and damages resulting from the acquisition as required by Chapter 21 of the Texas Property Code and the Texas Constitution.

3. Defendants do not stipulate to the City's right to acquire Defendants' property by and through this statutory eminent domain proceeding. Further, Defendants do not waive and expressly reserve all rights they may have under the Texas Property Code or Texas precedent regarding the City's acquisition of Defendants' property.

---

TAB 3

For the above reasons, Defendants Hwy 205 Farm, Ltd. and Maurice E. Moore, Jr. respectfully request that Plaintiff City of Dallas be cited as required by law and that this cause be tried and determined in this Court as in other civil causes; and further requests all other relief to which Defendants are entitled.

Respectfully submitted,

VASSALLO & SALAZAR, P.C.

/s/ *Eddie Vassallo*
EDDIE VASSALLO
State Bar No. 20503000
evassallo@vslawyers.com
CHARLES A. SALAZAR
State Bar No. 17526750
csalazar@vslawyers.com
3710 Rawlins, Suite 1200
Dallas, Texas 75219-6410
(214) 559-7200 telephone
(214) 559-7209 telecopy

Attorneys for Defendants Hwy 205 Farm, Ltd. and
Maurice E. Moore, Jr.

## CERTIFICATE OF SERVICE

This certifies a copy of Defendants Hwy 205 Farm, Ltd.'s and Maurice E. Moore, Jr.'s Objections to the Award of Special Commissioners was served on the following via e-service and/or certified mail, return receipt requested on January 30, 2015:

Christopher C. Gunter
Assistant City Attorney
7BN Dallas City Hall
1700 Marilla Street
Dallas, Texas 75201
*Attorneys for Plaintiff City of Dallas*

Service list (continued):

The Dow Chemical Company
c/o CT Corporation System, Inc.
1999 Bryan Street, Suite 900
Dallas, Texas 75201-3136
*Registered Agent*

Tonya Ratcliff
Kaufman County Tax Assessor-Collector
Kaufman County Annex
100 North Washington Street
Kaufman, Texas 75142
*Agent for Service for Kaufman County, Terrell Independent School District and Trinity Valley Community College District*

/s/ *Eddie Vassallo*
EDDIE VASSALLO

**No. 84262CC**

| CITY OF DALLAS, | § | IN COUNTY COURT |
| | § | |
| VS. | § | |
| | § | |
| HIGHWAY 205 FARMS, LTD., | § | |
| THE DOW CHEMICAL COMPANY | § | AT LAW |
| KAUFMAN COUNTY, TERRELL | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| and TRINITY VALLEY COMMUNITY | § | |
| COLLEGE DISTRICT | § | KAUFMAN COUNTY, TEXAS |

## NOTICE OF DEPOSIT, REPURCHASE DISCLOSURES, APPLICATION FOR WRIT OF POSSESSION, AND INVESTMENT INSTRUCTIONS

NOW COMES the City of Dallas (hereafter, "City"), a municipal corporation situated in Dallas County, Texas, Petitioner in the above entitled and numbered condemnation proceeding, and respectfully shows the Court:

1.     The written Award of Special Commissioners has been filed with the Judge in these proceedings, whereby the amount of damages awarded against Petitioner by the special commissioners is THREE HUNDRED FIFTY-SEVEN THOUSAND TWO HUNDRED SIXTY-THREE DOLLARS AND NO/100 ($357,263.00) (hereafter, the "Award").

2.     The City desires to enter upon and take possession of the property sought to be taken in these proceedings pending litigation and, in order that it may do so, the City has deposited said amount into the Registry of the Court by delivery to the District Clerk the following described check, to wit: numbered 967718, dated March 24, 2015, payable to "Kaufman County" subject to the order of the Defendants, in the amount of the Award.

3.     By reason of said deposit, and pursuant to Texas Property Code §21.021(a)(2) and §21.021(c), the City is now entitled to enter upon and take possession of said property.

4.     In accordance with Texas Property Code section 21.023, notice is hereby given that the owner or the owner's heirs, successors, or assigns may be entitled to repurchase the property

**NOTICE OF DEPOSIT, REPURCHASE DISCLOSURES, APPLICATION**
**FOR WRIT OF POSSESSION, AND INVESTMENT INSTRUCTIONS**                     Page 1 of 5

<span style="color:red">TAB 4</span>

under the provisions of Subchapter E of Chapter 21 of the Texas Property Code (a copy of which is attached hereto as Exhibit A) or request from the City certain information relating to the use of the property and any actual progress made toward that use, and that the repurchase price is the price paid to the owner by the entity at the time the entity acquired the property through eminent domain.

5.    The City requests that the deposit of money in the Court's registry be invested and the interest distributed according to law.

6.    Defendants are entitled under existing law to withdraw part or all of the amount deposited at any time; To the extent consistent therewith, the investment should be for a period of at least 6 months.

7.    The City's federal tax identification number is: 75-6000508.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays this Honorable Court order the clerk to issue a writ of possession of the property condemned herein to the City of Dallas, together with such other orders which may appear necessary and proper for the enforcement of the City's right to enter upon and take possession of said property; and that the Court order the clerk to invest the deposited funds in an interest bearing account in accordance with Section 117.053(c) of the Texas Local Government Code.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF DALLAS, TEXAS

WARREN M. S. ERNST
City Attorney

NOTICE OF DEPOSIT, REPURCHASE DISCLOSURES, APPLICATION
FOR WRIT OF POSSESSION, AND INVESTMENT INSTRUCTIONS

By    _____

CHRISTOPHER C. GUNTER
Senior Assistant City Attorney
State Bar of Texas No. 24025750
CHRISTOPHER J. CASO
Senior Assistant City Attorney
State Bar of Texas No. 03969230
Dallas City Hall
1500 Marilla Street, 7BN
Dallas, Texas 75201
(214) 670-3519 - Voice
(214) 670-0622 - Fax
Christopher.gunter@dallascityhall.com

ATTORNEY FOR PETITIONER
CITY OF DALLAS

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served upon all parties in compliance with Rule 21a of the Texas Rules of Civil Procedure on this the 25th day of March, 2015.

_____
CHRISTOPHER C. GUNTER

Highway 205 Farms, LTD.,
and Maurice E. Moore, Jr
  Ms. Hayley D. Ailshie – via E-Service
  Mr. Eddie Vassallo – via E-Service

Kaufman County
  Jeffrey Brown – via E-Service

# EXHIBIT A

TEXAS PROPERTY CODE, CHAPTER 21
SUBCHAPTER E.  REPURCHASE OF REAL PROPERTY FROM CONDEMNING ENTITY

Sec. 21.101.  RIGHT OF REPURCHASE

(a) A person from whom a real property interest is acquired by an  entity through eminent domain for a public use, or that person's heirs, successors, or assigns, is entitled to repurchase the property as provided by this subchapter if:

(1) the public use for which the property was acquired through eminent domain is canceled before the property is used for that public use;

(2) no actual progress is made toward the public use for which the property was acquired between the date of acquisition and the 10th anniversary of that date; or

(3) the property becomes unnecessary for the public use for which the property was acquired, or a substantially similar public use, before the 10th anniversary of the date of acquisition.

(b) In this section, "actual progress" means the completion of two or more of the following actions:

(1) the performance of a significant amount of labor to develop the property or other property acquired for the same public use project for which the property owner's property was acquired;

(2) the provision of a significant amount of materials to develop the property or other property acquired for the same public use project for which the property owner's property was acquired;

(3) the hiring of and performance of a significant amount of work by an architect, engineer, or surveyor to prepare a plan or plat that includes the property or other property acquired for the same public use project for which the property owner's property was acquired;

(4) application for state or federal funds to develop the property or other property acquired for the same public use project for which the property owner's property was acquired;

(5) application for a state or federal permit to develop the property or other property acquired for the same public use project for which the property owner's property was acquired;

(6) the acquisition of a tract or parcel of real property adjacent to the property for the same public use project for which the owner's property was acquired; or

(7) for a governmental entity, the adoption by a majority of the entity's governing body at a public hearing of a development plan for a public use project that indicates that the entity will not complete more than one action described by Subdivisions (1)-(6) before the 10th anniversary of the date of acquisition of the property.

(c) A district court may determine all issues in any suit regarding the repurchase of a real property interest acquired through eminent domain by the former property owner or the owner's heirs, successors, or assigns.

Sec. 21.102.  NOTICE TO PREVIOUS PROPERTY OWNER REQUIRED.

Not later than the 180th day after the date an entity that acquired a real property interest through eminent domain determines that the former property owner is entitled to repurchase the property under Section 21.101, the entity shall send by certified mail, return receipt requested, to the property owner or the owner's heirs, successors, or assigns a notice containing:

(1) an identification, which is not required to be a legal description, of the property that was acquired;

(2) an identification of the public use for which the property had been acquired and a statement that:

(A) the public use was canceled before the property was used for the public use;

(B) no actual progress was made toward the public use; or

(C) the property became unnecessary for the public use, or a substantially similar public use, before the 10th anniversary of the date of acquisition; and

(3) a description of the person's right under this subchapter to repurchase the property.

Sec. 21.1021. REQUESTS FOR INFORMATION REGARDING CONDEMNED PROPERTY.

(a) On or after the 10th anniversary of the date on which real property was acquired by an entity through eminent domain, a property owner or the owner's heirs, successors, or assigns may request that the condemning entity make a determination and provide a statement and other relevant information regarding:

(1) whether the public use for which the property was acquired was canceled before the property was used for the public use;

(2) whether any actual progress was made toward the public use between the date of acquisition and the 10th anniversary of that date, including an itemized description of the progress made, if applicable; and

(3) whether the property became unnecessary for the public use, or a substantially similar public use, before the 10th anniversary of the date of acquisition.

(b) A request under this section must contain sufficient detail to allow the entity to identify the specific tract of land in relation to which the information is sought.

(c) Not later than the 90th day following the date of receipt of the request for information, the entity shall send a written response by certified mail, return receipt requested, to the requestor.

Sec. 21.1022. LIMITATIONS PERIOD FOR REPURCHASE RIGHT. Notwithstanding Section 21.103, the right to repurchase provided by this subchapter is extinguished on the first anniversary of the expiration of the period for an entity to provide notice under Section 21.102 if the entity:

(1) is required to provide notice under Section 21.102;

(2) makes a good faith effort to locate and provide notice to each person entitled to notice before the expiration of the deadline for providing notice under that section; and

(3) does not receive a response to any notice provided under that section in the period for response prescribed by Section 21.103.

Sec. 21.103. RESALE OF PROPERTY; PRICE.

(a) Not later than the 180th day after the date of the postmark on a notice sent under Section 21.102 or a response to a request made under Section 21.1021 that indicates that the property owner, or the owner's heirs, successors, or assigns, is entitled to repurchase the property interest in accordance with Section 21.101, the property owner or the owner's heirs, successors, or assigns must notify the entity of the person's intent to repurchase the property interest under this subchapter.

(b) As soon as practicable after receipt of a notice of intent to repurchase under Subsection (a), the entity shall offer to sell the property interest to the person for the price paid to the owner by the entity at the time the entity acquired the property through eminent domain. The person's right to repurchase the property expires on the 90th day after the date on which the entity makes the offer.

# REGISTER OF ACTIONS
## CASE NO. 84262CC

| | | |
|---|---|---|
| City of Dallas Vs. Highway 205 Farms, LTD, Maurice Moore, Jr., et al | § § § § § | Case Type: **Condemnation**<br>Date Filed: **08/30/2011**<br>Location: **DC County Court at Law** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **Highway 205 Farms, LTD** | **Hayley D Ailshie**<br>*Retained*<br>214-559-7200(W) |
| **Defendant** | **Kaufman County** | |
| **Defendant** | **Moore, Maurice E, Jr.** | **Hayley D Ailshie**<br>*Retained*<br>214-559-7200(W) |
| **Defendant** | **Terrell Independent School Disrict** | |
| **Defendant** | **The Dow Chemical Company** | |
| **Defendant** | **Trinity Valley Community College District** | |
| **Plaintiff** | **City of Dallas** | **Christopher C Gunter**<br>*Retained*<br>214-670-4288(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 08/30/2011 | **Original Petition (OCA)** |
| 08/31/2011 | **Order Appointing Special Commissioners** |
| 10/24/2011 | **Order**<br>*Removing A Special Commissioner and And Appointing A Replacement Lee Schaffer is removed and CON BURT Is Appointed* |
| 11/18/2011 | **Oath of Special Commissioners**<br>*DON BURT* |
| 11/18/2011 | **Oath of Special Commissioners**<br>*ROBERT REPKA, JR.* |
| 11/18/2011 | **Oath of Special Commissioners**<br>*WILLIAM JORDAN* |
| 09/26/2012 | **Notice of Appearance**<br>*and Designation of Lead Counsel* |
| 03/07/2013 | **Motion to Dismiss**<br>*FOR WANT OF PROSECUTION* |
| 03/21/2013 | **Notice of Hearing** |
| 03/27/2013 | **Notice**<br>*of Special Commissioners' Hearing* |
| 03/27/2013 | **Notice**<br>*of Special Commissioners' Hearing* |
| 03/27/2013 | **Order**<br>*Setting Hearing* |
| 03/27/2013 | **Order**<br>*Setting Hearing* |
| 03/27/2013 | **Order**<br>*Setting Hearing* |
| 04/05/2013 | **Response**<br>*Plf's - to Def's Motion to Dismiss for Want of Prosecution* |
| 04/15/2013 | **Response**<br>*Reply to Plaintiff's Response to Defendants' Motion TO Dimiss For Want of Prosecution* |
| 04/17/2013 | **DWOP** (9:00 AM) (Judicial Officer Jones, Dennis P.) |
| 04/17/2013 | **Notice**<br>*of Special Commissioners' Hearing* |
| 04/17/2013 | **Notice**<br>*of Special Commissioners' Hearing* |
| 04/17/2013 | **Other** |

<span style="color:red">TAB 5</span>

|  | *1st amended statement in condemnation* |
|---|---|
| 04/17/2013 | **Order to Dismiss for Want of Prosecution** |
| 05/09/2013 | **Motion for Reinstatement** |
|  | *Plaintiff's* |
| 05/09/2013 | **Order** |
|  | *setting hearing* |
| 05/13/2013 | **Order** |
|  | *Setting Hearing* |
| 05/29/2013 | *CANCELED* **Motion to Reinstate** (9:00 AM) (Judicial Officer Jones, Dennis P.) |
|  | *Reset* |
| 06/12/2013 | *CANCELED* **Motion to Reinstate** (9:00 AM) (Judicial Officer Jones, Dennis P.) |
|  | *Reset* |
| 06/19/2013 | **Response** |
|  | *Defendant's Response to Plaintiff's Verified Motion To Reinstate* |
| 06/21/2013 | **Motion to Reinstate** (9:00 AM) (Judicial Officer Jones, Dennis P.) |
| 06/21/2013 | **Order Denying** |
|  | *Plf''s Motion to Reinstate* |
| 07/12/2013 | **Notice of Appeal** |
|  | *accelerated* |
| 07/12/2013 | **Request for Preparation of Reporter's Record** |
| 07/12/2013 | **Request for Preparation of Clerk's Record** |
| 07/29/2013 | **Clerk's Record Sent Electronic** |
| 08/27/2013 | **Motion to Consolidate** |
|  | *City's* |
| 08/27/2013 | **Other** |
|  | *Mandamus Record* |
| 07/29/2014 | **Order** |
|  | *from court of appeals* |
| 08/04/2014 | **Order** |
|  | *to Reinstate Case* |
| 12/23/2014 | **Order** |
|  | *Setting Hearing* |
| 12/23/2014 | **Order** |
|  | *Setting Hearing* |
| 12/23/2014 | **Order** |
|  | *Setting Hearing* |
| 01/21/2015 | **Award of Special Commissioners** |
| 01/22/2015 | **Notice** |
|  | *Offical Notice From Supreme Court of Texas* |
| 01/30/2015 | **Objection** |
|  | *to Award of Special Commissioners - Env #3959198* |
| 02/10/2015 | **Waiver** |
|  | *Acceptance of Sercive - Env #4083639* |
| 03/12/2015 | **Notice** |
| 03/12/2015 | **Jury Fee Paid (OCA)** |
| 03/16/2015 | **Notice** |
|  | *of Jury Trial* |
| 03/18/2015 | **Letter** |
|  | *to Judge* |
| 03/25/2015 | **Notice** |
|  | *of Deposit of Award* |
| 12/07/2015 | **Jury Trial** (8:30 AM) (Judicial Officer Jones, Dennis P.) |

---

### FINANCIAL INFORMATION

**Attorney** Gunter, Christopher C
Total Financial Assessment     369.00
Total Payments and Credits     369.00
**Balance Due as of 04/03/2015**     **0.00**

| 08/30/2011 | Transaction Assessment | | | 217.00 |
|---|---|---|---|---|
| 09/16/2011 | Payment | Receipt # DC-100875 | City Of Dallas | (217.00) |
| 07/16/2013 | Transaction Assessment | | | 112.00 |
| 07/17/2013 | Transaction Assessment | | | 10.00 |
| 07/29/2013 | Transaction Assessment | | | 20.00 |
| 07/29/2013 | Transaction Assessment | | | 10.00 |
| 08/20/2013 | Payment | Receipt # DC-112355 | City of Dallas | (122.00) |
| 08/23/2013 | Payment | Receipt # DC-112428 | Bo Moore | (30.00) |

**Plaintiff** City of Dallas
Total Financial Assessment     30.00
Total Payments and Credits     30.00
**Balance Due as of 04/03/2015**     **0.00**

| 03/12/2015 | Transaction Assessment | | | 30.00 |
|---|---|---|---|---|
| 03/12/2015 | EFile Payment | Receipt # DC-121049 | City of Dallas | (30.00) |